ROBERT V. SMITH, plaintiff in error, vs. Lemuel Smith et al., defendants in error.

Where upon a plea of *plene administravit* by an administrator, a judgment was rendered against him *quando acciderint*, the execution based thereon has no lien upon land which went into the possession of the administrator at the death of the intestate, even though he always claimed such land as his individual property under a prior gift from the intestate.

Administrators and executors. Before Judge HALL. Butts Superior Court. September Term, 1876.

Reported in the decision.

W. D. ANDERSON; BECK & BEEKS, for plaintiff in error.

SPEER & STEWART, for defendants.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury, under the charge of the court, found the land levied on subject to the plaintiff's *fi. fa.*, and also found by their verdict that

R. W. Smith, the defendant's intestate, was indebted to the claimant, as guardian, the sum of $1,600.00, and that when said land was sold, the plaintiffs in *fi. fa.* and the claimant should share the proceeds of said sale *pro rata*, in proportion to the amount of their respective claims at the time of the sale. The claimant made a motion for a new trial on several grounds, which was overruled, and the claimant excepted.

It appears from the evidence in the record, that the plaintiffs sued the defendant as the administrator of R. W. Smith, who pleaded to that suit *plene administravit*, and a judgment *quando acciderint* was rendered against him for the amount of the plaintiffs' demand, and the *fi. fa.* which was levied on the land in dispute was issued on that judgment, commanding the sheriff to make the money due thereon, of the goods and chattels, lands and tenements, the assets of the estate *hereafter* to come into the hands of the said Robert V. Smith, administrator, etc. The judgment was obtained in September, 1874, and the *fi. fi.* was dated on the 26th of January, 1875, and was levied on the land as the property of R. W. Smith, deceased, on the 29th of January, 1875. It also appears from the evidence that R. W. Smith, the intestate, before his death, on the 30th day of August, 1866, conveyed the land in dispute by deed to his son, R. V. Smith, who is now his administrator, for the consideration, as stated therein, of $1,800.00. R. V. Smith claims the land as his property under that deed. The plaintiffs insist that the deed executed by the intestate to the claimant was made with the intent to defraud his creditors, and is void as to them, and therefore the same is assets in the hands of his administrator, and subject to levy and sale in satisfaction of their *quando* judgment, and that is one of the main questions in the case. The evidence in the record is, that the intestate, R. W. Smith, was in possession of the land at the time of his death, and that R. V. Smith, his administrator, was in possession of it after the death of the intestate, before and at the time of the rendition of the *quando* judgment against him as administrator.

By taking judgment of assets *quando* against the defendant, upon his plea of *plene administravit*, the plaintiffs admitted that the defendant had fully administered the assets of his intestate, which had come into his hands and possession up to that time, including the land now levied on. 2d Williams on Ex'rs., 1692 ; Orcut *vs.* Orms, 3d Paige's Chan. Rep., 459. For aught that appears to the contrary, the defendant, in support of his plea, may have accounted for the full value of the land, and such is the legal presumption from the judgment of *quando acciderint* which was rendered on the defendant's plea of *plene administravit*. The defendants in error, however, insist that the administrator, in view of the facts of this case, is to be considered as a third person having the assets of the intestate in his hands, which have not been administered, and therefore cannot take advantage of the judgment, as was held in the case of *Allen vs. Mathews, 7th Ga Rep.*, 149. The difference between that case and the one now before us, is, that the property levied on in that case never had been in the possession of the administrator to be administered before the date of the *quando acciderint* judgment, whereas the property levied on in this case, was in the possession of the administrator before and at the time of the rendition of the judgment, and to which the administrator was a party defendant. The land levied on was as much the property of the intestate when the defendant pleaded *plene administravit* to the plaintiffs' action, and judgment of *quando acciderint* was rendered thereon, as it is now, and the plaintiffs could as well have shown it then as now, for aught that appears in the record, and having failed to do so, they are concluded by that judgment. The court, therefore, erred in charging the jury that the plaintiffs, as the creditors of R. W. Smith, the intestate, could pursue the property levied on and sell the same, under a judgment *quando acciderint* against his administrator, on the statement of facts disclosed in the record.

Inasmuch as the view which we have taken of this main

controlling question in the case, will dispose of it, for the present at least, we express no opinion as to the alleged error in the verdict upon the issue involved in the pleadings, or as to the other charges of the court complained of,

Let the judgment of the court below be reversed.