## HOLLIS *v.* SALES *et al.*

1. Where an execution, based upon a judgment quando acciderint rendered against an administrator, is levied upon property as the property of the intestate, and a claim is filed by a third person, and the execution offered in evidence is against an individual described as "the administrator of the estate," upon objection thereto upon the ground that the execution does not follow the judgment, there is no error in allowing the former to be so amended as to make it conform to the latter.
(a) Where the execution, as amended, was broader than the judgment, in that it was issued against the property which is now or may hereafter come into the hands of the administrator, the direction contained in the words "which is now" may be disregarded as surplusage and the execution stand as a good execution quando.
2. Where upon the trial of such a claim the evidence introduced upon the part of the plaintiff in execution showed the administrator in possession prior to the rendition of the judgment quando, and thereupon the claimant moved to dismiss the levy, upon the ground that the judgment quando was an adjudication in favor of the administrator upon his plea of plene administravit that all the property in his possession, including that levied upon, prior to the judgment had been fully administered, and that therefore the property was not subject, it was error not to have sustained such motion; but where thereafter the claimant, assuming the burden of proof, introduced in evidence a deed to the property levied upon, which purported to have been executed by the intestate, and showed possession in pursuance of the deed, the presumption arising from the judgment quando, that such property had been administered, was rebutted, and this cured the error committed in refusing to dismiss the levy.
3. Where in the trial of a claim case an issue arises upon whether or not a deed from the defendant in execution to the claimant was a fraudulent conveyance, the sayings of the defendant, he being dead at the time of the trial, that he had executed such deed in settlement of a debt bona fide

due by him to the claimant, are, as to the plaintiff in execution, hearsay only and inadmissible.

4. Upon the trial of the issue of fraud or no fraud in the execution of such a conveyance, where there is no evidence showing that the land conveyed was worth either more or less than the price stated in the deed, it is error for the trial judge to charge the jury that they could consider the inadequacy of the price paid for the land.

5. A fraudulent intent in the execution of a deed, upon the part of the grantor, which was unknown to the grantee and which he had no reasonable ground to suspect, will not vitiate the title of the latter.

6. As a general rule, where witnesses are equally credible, the testimony of one who swears positively to a fact is entitled to greater weight than that of one who swears negatively.

7. Other than as above indicated, no material error of law was committed upon the trial.

Argued October 18, — Decided November 26, 1897.

Levy and claim.    Before Judge Butt.    Chattahoochee superior court.    February 13, 1897.

*Brannon, Hatcher & Martin*, for plaintiff in error.    *Miller & Miller, J. H. Lumpkin, E. J. Wynn* and *J. E. Chapman*, contra.

SIMMONS, C. J.    It appears from the record that M. T. Hollis sr. died indebted to Sales, Stephens and Jefferson.    M. T. Hollis jr. was appointed administrator of the estate.    Sales, Stephens and Jefferson brought suit against the administrator upon the indebtedness of his intestate.    He pleaded plene administravit, and this plea was sustained.    Sales and the others thereupon entered up judgments quando acciderint.    Executions issued upon these judgments were, some years afterwards, levied upon a tract of land as the property of the intestate. Mrs. Hollis, the wife of the intestate, filed claims to the land. Upon the trial the different claims were consolidated.

1. The plaintiffs offered in evidence the judgments quando and the executions issued thereon.    The claimant objected to the introduction of the executions, on the ground that they did not follow the verdicts and judgments rendered in the cases; that the judgments were entered quando acciderint, and the executions did not follow these judgments but issued against the administrator of the estate and not against the assets of the estate which should thereafter come into his hands to be administered.    Upon motion of the plaintiffs in fi fa., the execu-

tions were amended so as to conform to the judgments quando. To this claimant excepted and assigns error thereon. The court was right in allowing the amendment to be made. Section 5114 of the Civil Code provides, in substance, that an execution may be amended so as to conform to the judgment from which it issued, and that such amendments shall in no manner affect the validity of the execution nor invalidate the levy thereof. In the present case the executions did not follow the judgments, and it was right and proper for the court to allow them to be amended.

In amending the executions, the amendments were made broader than the law authorized. Instead of following the judgments quando and reciting that the execution was to be levied upon the goods thereafter to come into the hands of the administrator, it was made to include also goods "now in the hands of M. T. Hollis jr., administrator." The amendments relating back to the time when the executions were issued, these words were of course improper. The plea of plene administravit having been sustained, the judgments quando were against the assets of the intestate which might thereafter come into the hands of the administrator to be administered, and the execution should not have been amended so as to include goods in his hands at the time of the rendition of the judgments. In our opinion, however, the words, "now in the hands of," etc., may, relatively to the present litigation, be disregarded as surplusage and the execution stand as an execution quando. As such it was admissible as evidence in the trial of the claim case.

For much the same reasons, it was not error to allow the levy to be amended, upon the testimony of the sheriff, so as to conform to the execution as amended. Section 5116 of the Civil Code declares that "The sheriff or other executing officer may amend his official entries and returns so as to make such entries and returns conform to the facts of the case at the time such entry or return was made." The sheriff may do this of his own motion; or the court, upon sufficient evidence, may order the sheriff to amend the levy so as to make it conform to the facts of the case.

2. The executions and the levy having been amended, the trial proceeded. Plaintiffs showed by their evidence that the administrator was in possession of the land prior to and at the time of the rendition of the judgments quando. At the close of their case, claimant moved to dismiss the levy, upon the ground that the judgments quando against the administrator constituted an adjudication in his favor upon his plea of plene administravit; that the judgments quando adjudicated that all the property in his possession, including that levied upon, prior to those judgments had been fully administered, and that therefore this particular property was not subject. We think the contention of the claimant should have been sustained at this stage of the case. In the case of *Smith* v. *Smith*, 59 *Ga.* 550, Warner, C. J., in discussing a similar question, said: "The intestate, R. W. Smith, was in possession of the land at the time of his death, and R. V. Smith, his administrator, was in possession of it after the death of the intestate, before and at the time of the rendition of the quando judgment against him as administrator. By taking judgment of assets quando against the defendant, upon his plea of plene administravit, the plaintiffs admitted that the defendant had fully administered the assets of his intestate, which had come into his hands and possession up to that time, including the land now levied on. 2d Williams on Ex'rs, 1692; Orcut *v.* Orms, 3 Paige's Chan. Rep. 459. For aught that appears to the contrary, the defendant, in support of his plea, may have accounted for the full value of the land, and such is the legal presumption from the judgment of quando acciderint which was rendered on the defendant's plea of plene administravit. . . The land levied on was as much the property of the intestate when the administrator pleaded plene administravit to the plaintiff's action, and judgment of quando acciderint was rendered thereon, as it is now, and the plaintiffs could as well have shown it then as now, for aught that appears in the record; and having failed to do so, they are concluded by that judgment." Under this authority the court should have dismissed the levy upon motion of claimant; but he overruled the motion to dismiss, and the claimant supplied the evidence which was necessary in order

that the case should proceed to a jury.   The claimant assumed
the burden of proof at this stage of the case, and introduced in
evidence a deed which purported to have been executed by the
intestate and to convey the land in dispute to the claimant.
Claimant also showed that she had possession in pursuance of
that deed prior to the rendition of the judgment quando.   This
deed showed that the property levied upon was not in posses-
sion of the administrator as assets of the estate at the time his
plea of plene administravit was sustained and the judgment
quando rendered.   The presumption, arising from the judg-
ment quando and the apparent possession of the administrator,
that the property levied on had been administered, was rebut-
ted; and if the plaintiffs could have shown that the deed from
Hollis to his wife was fraudulent, the property would have been
subject.   If the property had never been in the hands of the
administrator to be administered, the judgments quando, which
these plaintiffs had taken, did not estop them to prove that the
intestate died in possession of the land and that it still belonged
to his estate because the conveyance made by him to his wife
was fraudulent and vested in her no title.   *Allen* v. *Matthews*,
7 *Ga.* 149.

3. The controlling issue upon the trial of the case appears
to have been whether the deed made by Hollis to his wife was
bona fide and for a valuable consideration, or whether it was
a mere gift or a fraudulent conveyance.   The plaintiffs in exe-
cution contended that it was a gift made subsequently to the
creation of their debts, and that it was therefore, as to them,
fraudulent.   The claimant contended that the deed was bona
fide and for a valuable consideration; and in order to prove
this, offered in evidence the declaration of Hollis that he had
made the deed to his wife because he was in debt to her.   The
court excluded this declaration, and, we think, rightly.   It is
true that section 5181 of the Civil Code provides that declara-
tions of deceased persons, against interest, and not made with
a view to pending litigation, are admissible in any case, but
we think that the declaration sought to be proved is not such
a one as is contemplated by that section.   This was not a dec-
laration purely against the interest of the declarant, but was

coupled with the self-serving fact that he had by making the deed discharged himself from a debt. The declaration was, therefore, partly against his interest and partly in his favor, and does not, in our opinion, come within the provisions of the code section cited. Besides, the same witness by whom it was sought to prove this declaration was allowed by the court to testify fully in regard to declarations of the deceased, made against his interest, to the effect that he could not give to a railroad a right of way through the land, because of his having conveyed it to his wife. The declaration excluded seems to us to have been offered more to prove the consideration for the deed than to prove the fact of its having been made. The consideration of the deed was attacked, as we have seen, by the plaintiffs in execution, and for the purpose of meeting this attack this declaration was offered. It was therefore hearsay only, and was not admissible.

4. The deed attacked stated a consideration of $1,800. There was no contention on the part of the plaintiffs that this consideration was inadequate; their whole attack being based upon the idea that the deed was a gift from Hollis to his wife, made subsequently to the creation of their debts, and fraudulent as to them. There was no evidence before the jury as to whether the consideration named in the deed was adequate or inadequate. Indeed, as far as is disclosed by the record, there is nothing to show the value of the land. Under this state of facts, we think the court erred in charging, at the request of counsel for plaintiffs in execution, as follows: "You can also look, gentlemen, to the consideration of the deed, whether or not it was adequate, before you would be authorized to sustain a title against the creditors." The plaintiffs having requested this charge, and there being no evidence to authorize it, they can not complain if this court should grant a new trial upon this ground alone. In the case of *Travelers Ins. Co.* v. *Jones*, 80 *Ga.* 541, this court said: "Let the prevailing party take the consequences of a new trial which, whatever may be the substantial merits of the case, is justified by an illegal charge prompted by his own counsel."

5. The court, at request of plaintiffs' counsel, also charged, in substance, that a deed made by the grantor for the purpose of defrauding his creditors is void. This charge is likewise erroneous; for while the grantor may have a fraudulent intent, if this intent is not known to the grantee and the grantee has not reasonable grounds to suspect it, the deed is, as to him, valid. To make a deed of this kind void, it is necessary that the grantor shall make it with intention to delay or defraud creditors, and that the grantee shall know of this fraudulent intention or have notice or reasonable ground to suspect it. Applying the principle to this particular case, Hollis, the grantor, may have intended to delay or defraud his creditors by making the conveyance to his wife; and yet, if she knew nothing of his fraudulent intention and did not have reasonable grounds to suspect it and there was a valuable consideration for the deed, the latter was valid. Civil Code, § 2695. Under the charge as given, if the jury had believed that Hollis intended to defraud his creditors when he made the deed, they would have been compelled to find the property subject, although Mrs. Hollis may have had no notice of this intention nor reasonable ground to suspect it, and had paid a valuable consideration for the land.

6. Exception is also taken to the charge of the court in regard to positive and negative testimony. He charged, in effect, that one witness who swears positively to a fact is to be believed in preference to many who swear negatively. We think this charge rather too broad. The general rule is, in our opinion, that *where witnesses are equally credible*, the testimony of one who swears positively to a fact is entitled to greater weight than that of one who swears negatively.

7. Other than as above ruled, no material error was committed at the trial.

*Judgment reversed. All the Justices concurring.*