20949. RAPER v. SMITH.

ARGUED SEPTEMBER 12, 1960—DECIDED OCTOBER 6, 1960.

*Vernon W. Duncan,* for plaintiff in error.

ALMAND, Justice. John W. Smith filed in Cobb County Court of Ordinary a motion to vacate and set aside an order of that court allowing a year's support to the widow and minor children of Cecil W. Raper out of the estate of Cecil W. Raper. The motion alleged that on August 4, 1958, Mrs. Raper offered for probate and probated the last will of her husband, and qualified as executrix; and that, in May, 1959, she applied for a year's support for herself and her two minor. children which was allowed by order in July, 1959. It was alleged that Smith was a creditor of Cecil W. Raper in a named sum represented by six promissory notes, and had filed a notice of his claim with the

executrix; and that the executrix has paid part of the creditors of the estate whose claims were equal or inferior in dignity to Smith's claim. The prayers were: (a) that the judgment allowing a year's support be set aside, and (b) that, if the judgment not be set aside, it be modified so as to provide that the judgment shall be inferior to the claim of Smith. A general demurrer was interposed by Mrs. Raper. After a hearing, the ordinary entered an order modifying the judgment allowing a year's support, as prayed. On appeal to the superior court, the general demurrer to the motion was overruled, and this order on appeal to the Court of Appeals was affirmed. *Raper v. Smith,* 101 Ga. App. 557 (115 S. E. 2d 234). We granted Mrs. Raper's petition for the writ of certiorari to the Court of Appeals.

No attack is made on the regularity of the year's support proceedings, and it will be presumed that the procedural requirements necessary for the rendition of the award were complied with. In *Goss v. Greenaway,* 70 Ga. 130 (1), it was held: "While lapse of time between the death of a husband and the application by his widow for a year's support, during which time she lived upon the land and made use of the personalty of her deceased husband, may furnish a good ground to defeat the application before the ordinary, yet when the final judgment of that court has been rendered in the case, it is too late to attack it, especially before another court, except for causes apparent upon the face of the record, showing a want of jurisdiction either of the person or subject-matter." It does not appear that Smith, as a creditor, or anyone else filed any objections to the return of the appraisers. No objections being filed to the return, when the ordinary recorded the return, it became in effect a binding judgment conclusive upon all parties interested. *Howell v. Howell,* 190 Ga. 371 (9 S. E. 2d 149); *Jackson v. Warthen,* 110 Ga. 812 (36 S. E. 234). Only causes apparent on the face of the record, such as want of jurisdiction of the person or subject matter, can be considered. *White v. Wright,* 211 Ga. 556 (87 S. E. 2d 394). "A judgment approving the return of commissioners setting aside a year's support, where all the proceedings are regular, can not be attacked as fraudulent because interested parties could have successfully resisted the judgment had

they interposed timely objection." *Reynolds v. Norvell,* 129 Ga. 512(3) (59 S. E. 299). In *Holamon v. Jenkins,* 50 Ga. App. 129(3) (177 S. E. 262), it was held that, where no objection was filed to the return of the appraisers setting apart the entire estate of the decedent as a year's support for the widow, when the return was recorded by the ordinary, he thereby exercised the full extent of his powers as ordinary with reference to the return, and his act in modifying the return by making the award subject to the payment of a stated debt of the decedent was invalid and inoperative.

The motion to modify or set aside the award of the year's support setting forth no valid reason for such an order, the trial court erred in overruling the general demurrer to the motion, and the Court of Appeals erred in affirming the order of the trial court.

*Judgment reversed. All the Justices concur.*