### 22598. WAYNE COUNTY BOARD OF COMMISSIONERS, ROADS AND REVENUES et al. v. REDDISH et al.

Candler, Justice. John C. Reddish died intestate on November 30, 1962. He was survived by Marie T. Reddish his widow

and two minor children. At the time of his death, he was Sheriff of Wayne County, Georgia. The county at that time was indebted to him in the sum of $4,250.02 as a balance due him for salary as sheriff of the county. Subsequent to his death Marie T. Reddish in her own behalf and in behalf of their two minor children filed an application in the Court of Ordinary of Wayne County for a year's support out of his estate. The appraisers set apart to her and to her minor children certain items of personal property including the account of $4,250.02 which Wayne County was due the deceased as salary for sheriff. Citation was issued and published calling on all interested parties to file their objections, if any they had, to the appraisers' return at a designated term of the Wayne County Court of Ordinary. No objections to the return were made by anyone except Albert E. Butler, a judgment creditor. His objections were later dismissed and the return of the appraisers was duly recorded. Marie T. Reddish in her own behalf and as next friend of her two minor children as a year's support from the estate of John C. year's support judgment and prayed that the fiscal authorities of Wayne County be required to deposit in the registry of the court the amount which had been set apart to her and her minor children as a year's support from the estate of John C. Reddish. The defendant answered the petition and averred that John C. Reddish at the time of his death was due Wayne County the sum of $7,684 and for that reason Mrs. Reddish and her minor children were not entitled to recover any amount from the defendant county on the year's support judgment.

The plaintiff moved for a summary judgment on the pleadings. Her motion was granted and the defendant county was directed to pay into the registry of the court for the benefit of the plaintiff and her minor children the sum of $4,250.02. The exception is to that judgment. *Held:*

Where the pleadings show no genuine issue as to any material fact and that the moving party is entitled to a judgment for the relief sought as a matter of law, the court may, on motion therefor, grant a summary judgment. *Code Ann.* § 110-1203 (Ga. L. 1953, p. 234). In the instant case the petition affirmatively shows that an account for $4,250.02 which the defendant Wayne County was due John C. Reddish as salary for his service as sheriff was set apart to the plaintiff and her

two minor children as a year's support; that the return was recorded and became a judgment of the court of ordinary which vested title to the account in the plaintiff and her minor children. The answer in this case seeks to set up as a defense to the judgment sued on an indebtedness which John C. Reddish owed the defendant Wayne County at the time of his death. The effect of the defendant's plea is to set off an open account due by John C. Reddish to the defendant Wayne County against a year's support judgment which the plaintiff and her two minor children obtained and hold against the estate of the deceased John C. Reddish. This cannot be done. A setoff must be between the same parties and in their own right. *Code* § 20-1303. It is argued here that the account which the appraisers set apart to the plaintiff and her minor children was not an asset of the estate of John C. Reddish since he, at the time of his death, owed the defendant county an amount in excess of the account set apart to the plaintiff and her children as a year's support. This contention is not meritorious. A judgment setting apart a year's support to a widow and her minor children has the same binding force and effect as that of any other judgment rendered by a court of competent jurisdiction and cannot be collaterally attacked. *Code* § 113-1006; *Tabb v. Collier,* 68 Ga. 641; *Goss v. Greenaway,* 70 Ga. 130; *Birt v. Brown,* 106 Ga. 23 (31 SE 755); *Josey v. Gordon,* 107 Ga. 108 (32 SE 951); *Fulghum v. Fulghum,* 111 Ga. 635 (36 SE 602); and *Luthersville Banking Co. v. Hopkins,* 12 Ga. App. 488 (77 SE 589). If Reddish at the time of his death was in fact indebted to the defendant county in an amount equal to or in excess of the amount the county was due him, it should have been urged as an objection to the amount set apart to the plaintiff and her children as a year's support; and since it was not, it is too late to urge it as a defense against the judgment sued on in the instant case. *Raper v. Smith,* 216 Ga. 326 (116 SE2d 554). In so ruling, we have not overlooked the 4-2 decision of this court in *Backer v. City Bank &c. Co.,* 180 Ga. 672 (180 SE 604, 108 ALR 769), which holds to the contrary. That decision however is not a binding precedent on this court and since we do not think it announces a sound principle of law, we will respectfully decline to follow it in the instant case; it completely ignores and fails to give effect to the binding force and effect of a judg-

ment rendered by a court of competent jurisdiction. The ruling in *Ray v. Dennis*, 5 Ga. 357, does not require a holding in this case different from the one made for the reason that the defendant's claim was there asserted and established prior to the rendition of a final judgment in that case. We therefore hold that the trial judge did not err as contended in rendering the judgment excepted to in favor of the plaintiff.

*Judgment affirmed. All the Justices concur, except Mobley, J., who dissents.*

ARGUED SEPTEMBER 14, 1964—DECIDED SEPTEMBER 28, 1964.

*J. Alvin Leaphart, Jr.*, for plaintiff in error.

*Albert E. Butler, W. Glenn Thomas, Jr., Thomas & Thomas,* contra.