*Sarah M. Wayman,* for appellee.

57847. CAVENDER v. DEKALB COUNTY MERIT
SYSTEM COUNCIL et al.

SHULMAN, Judge.

Appellant-Cavender, an officer in the DeKalb County Police Department, was terminated from employment for cause. Following Cavender's unsuccessful appeal of his discharge to the DeKalb County Merit System Council, the superior court dismissed appellant's petition for certiorari. We affirm.

1. By letter, appellant was formally notified of the grounds for termination. Essentially, appellant was charged with abusing sick leave privileges without cause or justification; creating scheduling and morale problems because of these excessive absences; and being unable to cope with job-related pressures and demands. Appellant complains that this notice did not satisfy § 2-3406 of the DeKalb County Code which requires "notice in writing to an employee stating specific reasons [for dismissal for cause]." We cannot agree with appellant's assessment.

A. "Where a statute provides that a public employee may not be discharged except after notice, 'it is necessary only that the notice be unequivocal, and where a reason must be given, or charges preferred, they must be sufficiently clear to apprise the employee of the nature and circumstances prompting his discharge. It is enough if the statement or charges are such that the employee would have sufficient knowledge or reason to know the basis on which his removal is sought.' Kaplan, The Law of Civil Service, p. 227, § 1 (b). In other words, the charges must be 'in terms sufficiently explicit as to enable (the employee) to make an explanation . . .' [Cits.]" *Jones v. Mayor &c. of Athens,* 105 Ga. App. 86, 92 (123 SE2d 420).

B. The notice in this case adequately apprised the employee of the reasons for discharge. In specific terms, appellant was called to answer for excessive use of all leave and his inability to cope with job pressures. Such notice was sufficient to comply with the requirements of the statute. See, e.g., *Brownlee v. Williams,* 233 Ga. 548

(4) (212 SE2d 359). Compare *City of East Point v. Grayson,* 109 Ga. App. 413 (2) (136 SE2d 434), where the charges merely listed a date without specifically listing offensive conduct.

2. Appellant, observing that no section of the county code authorizes summary discharge for taking excessive sick leave, submits that the court erred in failing to grant certiorari "in that there is a legal substantive inadequacy of absenteeism due to sickness" as will support a dismissal. Cf. *Deason v. DeKalb County &c. Council,* 110 Ga. App. 244 (3) (138 SE2d 183), holding that "if there are no appropriate rules and regulations covering a particular deficiency, there can be no discharge by reason of the deficiency." This is not well taken.

Appellant was dismissed for cause pursuant to DeKalb County Code § 2-3406. As used in that section, cause is defined as "negligence or inefficiency in performing the duties of the position held, unfitness to perform assigned duties, misconduct, failure to cooperate or insubordination." Evidence of chronic absenteeism (135 days in 7 years and 9 months of available records), coupled with appellant's admission that after responding to a serious call, domestic problem or bad accident, he would experience nausea, stomach pains and vomiting, was some competent evidence supporting the termination for cause. See, e.g., *Cook v. City of Calhoun,* 146 Ga. App. 55 (2) (245 SE2d 366); *Kirton v. Biggers,* 135 Ga. App. 416 (3) (218 SE2d 113).

3. Appellant's contention that he was denied the right to a pre-termination hearing was not raised before the board and is not properly before this court. *Willis v. Jackson,* 148 Ga. App. 432 (6) (251 SE2d 341).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED MAY 8, 1979 — DECIDED SEPTEMBER 4, 1979.

*Billy Olsen,* for appellant.
*George P. Dillard,* for appellees.