## 64593. GOLDBERG v. NATIONAL BANK OF WALTON COUNTY.

POPE, Judge.

On November 12, 1980 appellee Bank brought suit in DeKalb State Court against Robert M. Goldberg ("executor") in his capacity as executor of the estate of Alvin Goldberg ("decedent") who died on

September 11, 1979. The complaint alleged that on January 5, 1977 decedent and Rosenfeld, the executor's co-defendant, personally guaranteed an installment note in favor of the Bank from Buy-Rite, Inc., that the note was in default, and that Buy-Rite, Inc. had filed its petition in bankruptcy. In his answer the executor raised, inter alia, the defense of *plene administravit,* that he had fully administered those assets which had come into his hands. The executor based this plea upon his contention that the October 6, 1980 judgment of the Fulton County Probate Court awarding decedent's entire estate to his widow as year's support constituted full administration of decedent's estate. We granted the executor's interlocutory appeal from the denial of his motion for summary judgment.

1. The evidence of record in the present appeal contains a certified copy of the duly recorded documents awarding the decedent's entire estate to the widow as year's support. It is undisputed that the Bank had proper notice of the year's support proceedings in the probate court and that the Bank filed no caveat thereto. No objections being filed to the return of the appraisers, upon its recordation it has the effect of a binding judgment conclusive upon all interested parties. *Raper v. Smith,* 216 Ga. 326, 327 (116 SE2d 554) (1960).

The executor raised the defense of *plene administravit* pursuant to Code Ann. § 113-2108 (now OCGA § 53-7-48 (4)) which plea states "that he has fully administered the assets that came into his hands . . ." In support of this defense, the executor asserts that the award of the entire estate to the widow as year's support effectively removed the assets from his control by operation of law and, thus, it was fully administered at the time this suit was brought. With this contention we agree. "Where the entire estate is set apart as a year's support and no appeal is taken from such judgment, there is no estate to be administered, and no assets which the administrator can reclaim." *McLanahan v. Keith,* 135 Ga. App. 117, 119 (217 SE2d 420) (1975). "When the property of the deceased is set apart as a year's support to the applicant, it passes out of the estate [cit.], and cannot be recovered by the personal representative." *Taylor v. Taylor,* 217 Ga. 20, 24 (120 SE2d 874) (1961). There being no assets in the control of the representative, no administration of the deceased's estate is necessary. *Taylor v. Taylor,* supra. See generally *Lowery v. Powell,* 109 Ga. 192 (34 SE 296) (1899). Therefore, as a result of the probate court's award of the entire estate to the widow prior to the Bank's suit, the estate has been fully administered and no assets remained in the hands of the executor. Based upon the foregoing, the trial court's failure to sustain the executor's plea of *plene administravit* was error.

2. The decision in Division 1 of this opinion sustaining the

executor's plea of *plene administravit* limits any judgment against him to the goods of the testator, *de bonis testatoris.* Code Ann. § 113-2110 (now OCGA § 53-7-52). When a defendant executor pleads *plene administravit,* the plaintiff creditor *may pray* to have judgment of assets *quando acciderint.* Black's Law Dictionary 1407 (4th ed. 1968). "Such judgment is an admission that the representative . . . has administered fully all assets of the estate coming into his hands up to that time. . . . It should be rendered against the assets of the estate which may thereafter come into the hands *of the representative.*" (Emphasis supplied.) Redfearn, *Wills and Administration in Georgia* § 302 (4th ed. 1979). See generally *Hollis v. Sales,* 103 Ga. 75 (29 SE 482) (1897); *Smith v. Smith,* 59 Ga. 550 (1877).

Although the Bank argues by brief on appeal that it may be entitled to judgment *quando acciderint,* the record reveals no evidence that the Bank requested this relief in the trial court or that it was addressed at all on the trial level. The availability of such judgment is, therefore, not addressed in this opinion. See *Cavender v. DeKalb County Merit System Council,* 151 Ga. App. 108 (3) (258 SE2d 763) (1979).

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 12, 1983.

Robert M. Goldberg, *pro se.*
D. Thomas Pye III, for appellee.