A93A1116. MASSIE et al. v. ROSS.
(439 SE2d 3)

COOPER, Judge.

Appellee filed a lawsuit to recover for personal injuries she received when the car in which she was a passenger was struck by a truck driven by appellant Tracy Massie (Massie) and owned by his employer, appellant Wiley Barber d/b/a Barber Trucking Company (Barber). The jury returned a verdict in favor of appellee, awarding damages in the amount of $575,000, and Massie and Barber appeal from the judgment entered on the verdict.

1. Appellants contend that the trial court erred in charging the jury that appellee could recover for her future medical expenses because there was no evidence as to the amount of such expenses. "To warrant future medical expenses, there must be evidence that the injury will require that future medical attention. [Cits.]" *Gusky v. Candler Gen. Hosp.*, 192 Ga. App. 521, 524 (6) (385 SE2d 698) (1989). Appellee's physician testified that due to the severity of appellee's injuries, appellee would likely require future surgery in order to have a chance at a full recovery. Appellants argue, however, that even though the evidence established that future medical treatment was probable, there was no evidence regarding the cost of that future medical treatment. Appellee's physician testified that appellee underwent a surgi-

cal procedure which involved the reaming out of her femur canal and insertion of a large rod and screw into her femur. She also stated that future surgery would likely involve the same type of procedure. In addition, appellee introduced into evidence a detailed list outlining her present medical expenses, including the cost of her previous surgeries. "Where there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue." (Citations and punctuation omitted.) *Candler v. Davis & Upchurch*, 204 Ga. App. 167, 170 (4c) (419 SE2d 69) (1992). We conclude that the evidence submitted by appellee was sufficient to authorize the charge on future medical expenses. *Bennett v. Haley*, 132 Ga. App. 512 (1) (208 SE2d 302) (1974).

2. Appellants also argue that the trial court's charge on OCGA § 40-6-52 (c) was erroneous. That Code section makes it unlawful for trucks to operate in the left lane on two-laned streets, except when the truck is passing another vehicle or preparing to make a left turn. OCGA § 40-6-52 (a) defines a truck as any vehicle equipped with more than six wheels. Appellants contend that there was no evidence that the truck which collided with appellee's car had *more* than six tires. "To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be made in respect to it. [Cits.]" *Jones v. Maghdoussian*, 159 Ga. App. 839, 841 (1) (285 SE2d 267) (1981). Appellee introduced photographs showing the skid marks left by the truck, which appear to show twin parallel wheels on each side of an axle. The driver of the truck testified that the skid marks were made by the rear *axles* of the truck. Accordingly, the jury could infer from the number of skid marks that the truck had more than six tires. Although there was no direct evidence reflecting the number of tires on the truck, there was evidence from which the jury could conclude that the truck had more than six tires. Therefore, it was not error for the trial judge to give the charge.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 29, 1993 —
RECONSIDERATION DENIED DECEMBER 14, 1993 —

*Jenkins & Eells, Frank E. Jenkins III, Steven J. Misner,* for appellants.

*Jeffrey L. Sakas, Gary M. Cooper,* for appellee.