A94A1135. AUTO ALIGNMENT SERVICES, INC. et al. v. BRAY
et al.
(446 SE2d 753)

JOHNSON, Judge.

In January 1992, Michael Steven Bray and Carol Bray Carter, individually and as executors of the estate of Laura Tucker Bray, brought an action in trover against Auto Alignment Services, Inc. (AASI) and J. Mercer Brown seeking 960.8 shares of stock in the possession of AASI and Brown as a director of the corporation. The stock had been set aside as year's support for Laura Tucker Bray by order of the probate court of Fayette County dated January 4, 1988. Mrs. Bray subsequently died testate, leaving the stock to Michael Steven Bray and Carol Bray Carter. AASI answered, claiming that, pursuant to OCGA § 11-9-310, it owns the stock by virtue of a prior perfected security interest. According to AASI, the stock secured certain loans made to Charles Harvey Jack Bray, late husband of Laura Tucker Bray, one of the original incorporators of AASI, which were not repaid prior to his death.

Plaintiffs' motion for partial summary judgment as to the issue of the ownership of the stock was granted by the trial court and treated as a final judgment pursuant to OCGA § 9-11-54 for purposes of appeal. Citing *Raper v. Smith,* 216 Ga. 326 (116 SE2d 554) (1960), the trial court held that AASI's failure to assert any claim of lien in the year's support action constitutes a waiver. Further, the trial court rea-

soned, even if AASI had a prior perfected security interest in the stock, raising the issue at this juncture constitutes an impermissible collateral attack on the probate court's judgment in the prior action. *Wayne County Bd. of Commrs. v. Reddish*, 220 Ga. 262 (138 SE2d 375) (1964). The Georgia Supreme Court held in *Wayne County*: "A judgment setting apart a year's support . . . has the same binding force and effect as that of any other judgment rendered by a court of competent jurisdiction and cannot be collaterally attacked. (Cits.)" Id. at 264. Although we agree with the ultimate result obtained by the trial court, we reach it by another route.

" 'For sufficient cause, and with proper parties, a court of equity has jurisdiction to set aside a judgment rendered by the court of ordinary in a year's support proceeding; and such a proceeding is a direct and not a collateral attack upon the year's support judgment.' (Cit.)" *Lewis v. Lewis*, 228 Ga. 703 (1) (187 SE2d 872) (1972). We recognize that this action is not one to set aside the probate court's award, nor was any such action brought. Nonetheless, the question remains whether the stock was the property of Bray subject to its inclusion in the year's support award. "It is true as a matter of law that a year's support for a widow can be set apart to her only from the estate of her deceased husband; and if property included therein does not as a matter of fact constitute a part of his estate, the judgment of the court of ordinary simply will not attach to such property, but will be void as applied thereto." (Citations omitted.) *Johnson v. City of Blackshear*, 196 Ga. 652, 659 (2) (27 SE2d 316) (1943). The issue of ownership of the stock, therefore, was validly raised in this trover action. When stock is pledged as collateral, ownership does not change. For example, in *Groover v. Savannah Bank &c.*, 186 Ga. 476 (198 SE 217) (1938), certain stock certificates were being held by a bank as collateral for a loan. Groover brought an action in trover to recover the certificates and the court held that she was the unqualified owner of the stock subject only to the encumberances which had been placed upon it. Id. at 484 (4). "The pledge creates a lien upon property but not title to it." *Bromley v. Bromley*, 106 Ga. App. 606, 608 (127 SE2d 836) (1962). In this case Laura Tucker Bray clearly became an owner of the stock by virtue of the probate court's award of year's support. The only remaining question, however, is whether the encumbrance was extinguished by the year's support award.

OCGA § 53-7-91 provides that the year's support to the family takes precedence over any other claim on a decedent's estate. The year's support statutes provide that property is passed stripped of all inferior claims except purchase money mortgages in land and chattel and a landlord's lien for crops. OCGA § 53-5-17 et seq. Under these sections, AASI's interest in the stock certainly would have extinguished at the time the year's support award was made.

AASI relies on OCGA § 11-9-310, which states that a perfected security interest in collateral takes priority over all liens described in OCGA §§ 44-14-320 and 53-7-91 except that a "[y]ear's support to the family, duly set apart in the collateral prior to the perfection of the subject security interest, takes priority over such security interest." OCGA § 11-9-310 (a). They argue that a perfected security interest in the stock existed prior to Bray's death. In order to perfect a security interest in corporate stock, the stock certificate must be delivered to the secured party, accompanied by a stock pledge agreement. Although a security agreement relating to the stock is alluded to in corporate minutes which are part of the record on appeal, the agreement is not. Therefore, we have no competent evidence before us establishing if a security agreement existed prior to his death and cannot conclude that a perfected security interest existed in the stock.

A judgment that is right for any reason will be affirmed by this court. *Turner v. MCI Telecomm. Corp.*, 203 Ga. App. 71, 76 (416 SE2d 370) (1992). Accordingly, the trial court's ruling in favor of Michael Steven Bray and Carol Bray Carter is affirmed.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED JUNE 24, 1994 —
RECONSIDERATION DENIED JULY 15, 1994 — 

*Grizzard, Simons, Martin & Wills, Warren W. Wills, Jr., Kyle D. Sherman*, for appellants.

*Donald O. Nelson*, for appellees.

