A95A0338. RAMPELL v. WILLIAMS.
(457 SE2d 224)

BLACKBURN, Judge.

We granted Nancy Rampell's application for interlocutory review to determine whether she can recover monetary damages for the alleged limitations on her ability to maintain, change, and acquire additional medical and disability insurance coverage as a result of the permanent injuries she received in an automobile collision.

On September 17, 1991, Rampell, a licensed neurologist, sustained permanent injuries to her thoracic and cervical spine when the vehicle that she had been driving struck a telephone pole allegedly as a result of Mary Helen Williams' negligence. At the time of the collision, Rampell maintained medical insurance coverage through a group policy which also covered her staff. She also had in place a group disability insurance policy for the maximum amount that she was entitled to maintain at her then income level.

After the collision, Rampell sought to and did increase her group disability coverage limits, but discovered that such additional disability insurance excluded coverage for any disability related to her thoracic/cervical spine which was permanently injured in the automobile collision. Because of unrelated changes in her office staff, Rampell no longer needed group coverage and investigated the feasibility of switching to an individual medical insurance policy. Rampell discovered that no company of whom she inquired would issue a policy which provided coverage for future treatment related to her thoracic/

cervical spine or otherwise arising out of her permanent injuries. She therefore elected to continue the existing group medical insurance coverage and accepted the additional group disability insurance which included the above-described exclusions.

Rampell commenced the instant action against Williams seeking general and special damages and other expenses. Although Rampell did not specifically pray for special damages for the impact of her permanent injuries upon her ability to contract for insurance benefits, in response to interrogatories propounded by Williams, she claimed that she incurred additional expenses as a result of said impairment. To avoid the prejudicial impact which would result from the introduction of insurance at trial on the issue of liability and other elements of damages, Rampell moved the court to bifurcate the trial on the insurance issues, including the increased cost of medical insurance and the exclusion of additional disability coverage for her permanent injuries. Williams later filed a second motion in limine[1] to prohibit any reference to or the introduction of any evidence on any claims related to the increased cost or reduced coverage for health and disability insurance.

Following a hearing on both motions, the trial court granted Williams' second motion in limine and denied Rampell's motion to bifurcate the trial, finding that the special, compensatory, and general damages sought by Rampell were too remote and speculative to warrant recovery.

1. Initially, we must address Williams' challenge to Rampell's brief which fails to contain a statement of the method used in preserving the enumerated errors, a statement on the standard of review, or a statement of jurisdiction as required by former Court of Appeals Rules 15 and 27.[2] Williams also questions the format of Rampell's brief. See former Court of Appeals Rule 11 (b). Parties are required to follow the rules of this court in the preparation and handling of appeals in this court. Any party who fails to follow this court's rules in the preparation of an appeal or response thereto stands the risk of having their filings struck in the discretion of this court. However, we will exercise our discretion and consider the merits of this appeal. See *Henderson v. State*, 211 Ga. App. 102 (1) (438 SE2d 181) (1993); *Johnson v. State*, 207 Ga. App. 34 (2) (427 SE2d 29) (1993).

2. "There are four elements to any tort action: duty, breach, causation, and damages. With respect to causation, to recover damages in

---

[1] Williams' first motion in limine is not included in the appellate record and is not the subject of this action.

[2] Although Williams also asserted in her brief that Rampell failed to provide citations to the record and transcript in her brief, Rampell filed a reply brief which included citations to the record.

a tort action, a plaintiff must prove that the defendant's action was both the *cause in fact* and the proximate cause of her injury." (Citation and punctuation omitted; emphasis supplied.) *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285, 286 (2) (443 SE2d 837) (1994). " 'On the issue of the fact of causation, as on other issues essential to the cause of action for negligence, the plaintiff . . . must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to [grant judgment] for the defendant.' [Cit.]" *Anneewakee, Inc. v. Hall*, 196 Ga. App. 365, 367 (396 SE2d 9) (1990).

Rampell has not established that the automobile collision was the cause in fact of any limitations on her ability to modify her medical and disability coverage. Rampell's disability and medical insurance coverage has not been cancelled as a result of the collision or the injuries she received therein, and she does not contend that she has been unable to maintain the same level of coverage that she had at the time of the collision. Her decision to investigate changing her coverage from group coverage to an individual policy was based upon personnel changes unrelated to the collision, and upon a substantial increase in her income. Rampell has not established that she would not have experienced an increase in insurance premiums based upon these unrelated factors in the absence of the collision. Hence, there is nothing more than mere speculation that the collision caused the economic injuries alleged. Moreover, any claim for damages for pain and suffering and mental and emotional distress as well as damages for future medical expenses are recoverable from the defendant if proven at trial. See generally *Massie v. Ross*, 211 Ga. App. 354 (1) (439 SE2d 3) (1993). To allow Rampell to recover damages for her inability to purchase insurance coverage for those elements of damage for which she has already recovered (assuming a successful trial result) would result in a double recovery which the law does not permit. Under the facts of this case, Rampell cannot recover for her inability to obtain increased insurance coverage or for any increased cost thereof.

Therefore, the trial court did not abuse its discretion in granting Williams' motion in limine and denying Rampell's motion for a bifurcated trial on this matter. See *Southern Guaranty Ins. Co. v. Nixon*, 194 Ga. App. 398 (1) (390 SE2d 638) (1990). "A judgment that is right for any reason will be affirmed by this court. [Cit.]" *Auto Alignment Svcs. v. Bray*, 214 Ga. App. 53, 55 (446 SE2d 753) (1994).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

Decided April 5, 1995 —
Reconsideration denied April 19, 1995 —

*George R. Dean,* for appellant.
*Berlon & Timmel, James T. Perry,* for appellee.