### 4302.  WHITE et al. v. BROWN, Governor.

RUSSELL, J.  1. This being a motion to set aside a judgment absolute, rendered in a proceeding to forfeit a criminal recognizance, and it appearing from the allegations of the petition that scire facias was duly issued and served upon the movants, and that they failed to appear and show why the judgment absolute should not be granted, it was too late to urge, as ground for setting aside the judgment, any reason which might have been urged before its rendition, unless the judgment was for some reason absolutely void.

2. A judgment absolute rendered in a proceeding to forfeit a criminal recognizance is void if the accusation or indictment upon which it was founded sets forth no offense. Where, therefore, in a motion to set aside such a judgment absolute, it is alleged that the accusation upon which it was founded is void on its face, the reasons why the accusation is void being set forth in detail in the motion, it is error to sustain a demurrer on the ground that the motion sets forth no reason why the judgment should be set aside.

3. The effect of the ruling now made is to leave open only the question whether or not the accusation upon which the judgment absolute was founded is void on its face. None of the other reasons alleged in the petition to set aside the judgment are meritorious. *Judgment reversed.*
DECIDED FEBRUARY 11, 1913.

Motion to set aside judgment; from city court of Blakely—Judge Rambo.  May 17, 1912.

*Byron R. Collins,* for plaintiffs in error.
*Walter Park, solicitor, Charles L. Glessner,* contra.