14938. WILDER *et al. v.* HARDWICK, Governor.

The provision in the rule absolute in this case, that it is "subject to revocation, provided defendant appears and stands trial" at the next term of the court, did not render the judgment void; and even if it could be treated as an irregularity, it inured solely to the benefit of the defendant and the sureties on his bond, who stood by and accepted without objection the possible protection which it was intended to afford them. The court did not err in refusing at the next term to issue a rule nisi on the motion, made at that term, to set aside the judgment.

DECIDED APRIL 19, 1924.

Motion to vacate judgment; from Glynn superior court—Judge Highsmith. July 3, 1923.

*A. H. Crovatt, Farr & Powell,* for plaintiffs in error.
*Alvin V. Sellers, solicitor-general,* contra.

JENKINS, P. J. Exception is taken to the refusal to issue a rule nisi on a motion to set aside a judgment. Plaintiffs in error were sureties on a criminal bond for the appearance of the defendant for trial. Upon his failure to answer to the charge on the call of the case at the May term, 1922, of Glynn superior court, the usual rule nisi was issued and the bondsmen were served. Upon the call of the case at the following term, counsel for the defendant made a showing for continuance, based on the alleged inability of the defendant to attend the trial, on account of illness; to which a counter-showing was made by the State. Thereupon the judge entered a judgment granting the rule absolute, but providing in his order that it was "subject to revocation, provided defendant appears and stands trial" at the next succeeding term. No exception was taken to that judgment. At the next succeeding term,

the defendant failing to appear, the judge passed an order reciting the terms of the previous rule absolute, and ordering that execution issue thereon; whereupon the sureties on the bond moved to set aside the judgment granting the rule absolute, and it is to the refusal of the judge to issue a rule nisi on this motion that exception is now taken.

1. A judgment cannot be vacated on account of grounds which could have been taken before judgment, or upon grounds which were taken and overruled. *Barksdale* v. *Greene,* 29 *Ga.* 418 (1) ; *White* v. *Brown,* 12 *Ga. App.* 275 (1) (77 S. E. 105).

2. The judgment upon the rule absolute is not rendered void because of the provision therein that it might be subject to revocation at the instance of the party now complaining, provided the defendant should appear for trial at the next succeeding term of court; and while judgments are sometimes vacated upon prompt request being made, because of irregularities which are prejudicial to the objecting party (8 Michie's Dig. 141 (s), 3 Stev. Dig. 2151-4, 2167-70, 2175), in this case, even if the proviso could be treated as an irregularity, it inured solely to the benefit of the parties now complaining, who stood by and accepted without protest the possible protection which it was intended to afford them.

*Judgment affirmed.* *Stephens and Bell, JJ., concur.*