38107.   CULLIFER *v.* STATE OF GEORGIA.

DECIDED JANUARY 20, 1960—REHEARING DENIED
FEBRUARY 16, 1960.

*J. Gordon Young,* for plaintiff in error.

*W. B. Skipworth, Jr., Solicitor,* contra.

GARDNER, Presiding Judge. It is our opinion that a bond made returnable to the Municipal Court of Columbus only cannot be transferred to any other court. This being true, the judgment against the plaintiff as surety for the principal Stein is not meritorious. See in this connection Code (Ann.) § 27-906 and *Walker* v. *Wells,* 17 *Ga.* 547, 551 (4) (63 Am. Dec. 252). It is clear to us that the petition alleged sufficient facts to show that the bond forfeited was void upon its face and that the judgment entered thereon, of which complaint is made here upon the motion for a judgment absolute upon scire facias to forfeit recognizance was void on its face. The motion to set aside was properly made. *White* v. *Brown,* 12 *Ga. App.* 275 (1) (77 S. E. 105) states as follows: "This being a motion to set aside a judgment absolute, rendered in a proceeding to forfeit a criminal recognizance, and it appearing from the allegations of the petition that scire facias was duly issued and served upon the movants, and that they failed to appear and show why the judgment absolute should not be granted, it was too late to urge, as ground for setting aside the judgment, any reason which might have been urged before its rendition, unless the judgment was for some reason absolutely void." See also in this connection *Regopoulas* v. *State,* 116 *Ga.* 596 (1) (42 S. E. 1014) and *Jackson* v. *Jackson,* 199 *Ga.* 716 (2) (35 S. E. 2d 258).

The petition plainly sets forth the bond contract showing that the bond was conditioned upon the appearance of the principal in the Municipal Court of Columbus and not in the City Court of Columbus. On a motion for a judgment absolute upon scire facias to forfeit recognizance, a bond contract is a necessary part of the record, and when it is included in the record as it is in the case before us, no aliunde evidence is required to determine that a judgment thereon would be absolutely void. Such a defect is not amendable. *Hardwick* v. *Shahan,* 30 *Ga. App.*

.526 (6) (118 S. E. 575), also holds as follows: "The bond on its face was insufficient to require the defendant's appearance at the court which forfeited it, and, the judgment not conforming the truth, in reciting the existence of a proper bond, the court was not bound to refuse the relief merely because of neglect by the movants in not defending against the forfeiture, prior to the judgment absolute."

The order and judgment of the trial court sustaining the general demurrer and dismissing the petition is reversible error.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*