73637. OSBORNE BONDING COMPANY v. HARRIS.
(360 SE2d 32)

BEASLEY, Judge.

This is an appeal by the bondsman from an appearance bond forfeiture. The following is undisputed: Whorton was indicted for conspiracy to traffic in cocaine. He was arrested and held in the Floyd County Jail without bond. Upon Whorton's petition the court set bond at $500,000. Prior to securing a bond, Whorton and his counsel of record were sent notice that he would be arraigned approximately 2 ½ weeks later. The day after the notice was sent, Osborne Bonding Company prepared and executed a bond for principal Whorton in the amount of $500,050. Three days later, the Osborne bond was presented to the Sheriff of Floyd County. It had previously been approved by the Sheriff of Clayton County. At the time of presentation of the Osborne bond, the Sheriff of Floyd County was given a second

bond made by five independent sureties for principal Whorton in the amount of $500,000, and the sheriff approved the bonds. Whorton was released.

He appeared for arraignment and pled not guilty. The court published its trial calendar and notice of the trial date was mailed to Whorton, his counsel, and the five sureties on the second bond. Notice was not mailed to Osborne.

Whorton appeared with counsel for the start of the trial, but four days later failed to appear to continue the trial. He was called to come into court as principal on the bonds and the sureties were called upon to produce the principal in accordance with the terms of the posted bonds. Whorton did not appear and the trial proceeded resulting in his conviction. The court delayed sentencing. After the state instituted proceedings to forfeit the bonds, the court ordered the principal and sureties to show cause why an order and judgment should not be made final against the bondsmen.

Osborne filed a response to the state's petition for forfeiture of recognizance alleging that the bond on which it was surety lacked specificity and was therefore void, that it was not binding as to the principal and therefore not binding on it as surety, and that the forfeiture proceedings employed by the state were improper and failed to comply with statutory requirements.

After a hearing and the opportunity to submit legal memoranda the court entered a detailed order rendering final judgment by default against principal Whorton for $500,050, plus costs and judgment against Osborne and the sureties on the second bond for the same sum. The court specifically found that the sureties had shown no sufficient reason why the appearance bonds should not be forfeited.

The bases of Osborne's appeal are three.

1. Osborne argues that the bond contract did not specify where and when it was to produce the principal and thus is void and unenforceable due to lack of specificity.

The face of the bond stated that Whorton "shall personally be and appear at the next *Superior* court of *Floyd* County, to be held on the *To Be Notified* next, from day to day, and from Term to Term, . . ." (Typed-in language italicized.)

The place of appearance as the "Superior Court of Floyd County" is sufficiently specific. See *Gunsallus v. Busbee*, 149 Ga. App. 109 (253 SE2d 470) (1979). Furthermore, the now objected-to language as to the time of appearance, i.e., "to be notified" was prepared and approved by Osborne itself; therefore, it cannot complain of it. Moreover, "[a] bond contract may be valid even though it is signed in blank, where the terms are agreed upon but left to be filled in at a future time. [Cits.]" *Jam Bonding Co. v. State of Ga.*, 179 Ga. App. 82, 83 (345 SE2d 87) (1986).

The ground of lack of specificity to void the bond falls.

2. Osborne asserts that the state's failure to notify it as to the time and place for Whorton's arraignment and trial nullifies and voids the bond because of the notice of arraignment requirement of OCGA § 17-7-91 (a), the notice of trial as provided in Uniform Superior Court Rule 32.1, and the notice provisions contained in the bond itself.

While it is true that the notice of arraignment as required by OCGA § 17-7-91 (a) was not given to Osborne, this does not void the bond or release Osborne's obligations under it, because at the time of giving notice of arraignment, there was no bondsman to be notified. In addition, subsection (c) of the statute provides that, "[t]he appearance and entering a plea by the accused shall be a waiver of the notice required in this Code section." The statute does not make provision for notice to the bondsman of the trial date.

The noncompliance with the Uniform Superior Court Rule 32.1 is to be assessed under the circumstances of each case; violation per se does not require the harshest remedy. *Sanders v. State*, 181 Ga. App. 117, 121 (2) (351 SE2d 666) (1986). Here the principal initially appeared for trial, continued to appear until well into the trial, and the bondsman was promptly notified of the failure to reappear. Considering these facts, the failure to notify Osborne of the date of the trial's start, as required under USCR 32.1 does not mandate invalidation of the bond.

Osborne does not point to any specific language in the bond, nor do we find any such language, specifying notice requirements to the bondsman.

3. Osborne contends that the bond is invalid because it was never approved and accepted by the Sheriff of Floyd County as required by OCGA § 17-6-15 (b).

While the face of the bond does bear the signature of the Sheriff of Clayton County rather than that of the Sheriff of Floyd County, the Sheriff of Floyd County testified at the forfeiture hearing that he relied upon the Osborne bond to release Whorton from custody and that the second bond was just "extra security." The sheriff's testimony makes it clear that he did accept and approve the Osborne bond.

The trial court's judgment of forfeiture stands.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JULY 7, 1987 —
REHEARING DENIED JULY 22, 1987 —

*T. Michael Martin*, for appellant.
*Stephen F. Lanier, District Attorney, H. Allen Moye, Special*

*Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.