## A95A2877. WASHINGTON v. JEFFERSON COUNTY et al.
### (470 SE2d 714)

Judge Harold R. Banke.

Mildred Washington sued Jefferson County and former Sheriff Zollie Compton on behalf of her son, David Washington, and appeals the trial court's grant of summary judgment. For the reasons which follow, we affirm.

Viewed in a light most favorable to the non-movant, Washington, the evidence was as follows. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). About four months after his arrest by the Jefferson County Sheriff's Department, while out on bond on charges of aggravated assault and terroristic threats, Johnnie Lee Carr got into a fight with David Washington and shot him in the head. Washington and Carr had fought the weekend prior to the shooting, and the subsequent fight where Carr shot him was a continuation of that fight. During the week between the two fights Washington did not seek assistance from the sheriff's department or request that Carr be arrested. The Jefferson County Sheriff's Department had arrested Carr on two other occasions and each time bond was set.

The gravamen of Washington's complaint is that Carr should not have been released from jail because he was too dangerous. Specifically, Washington alleged that Jefferson County and Sheriff Compton negligently allowed bail for Carr, breached a duty to protect the public from Carr, and failed to properly train personnel. Washington also asserted various federal constitutional and statutory violations; however, the trial court deemed all the federal claims abandoned except for the 42 USC § 1983 claim. *Held*:

The trial court correctly granted summary judgment because Washington failed to set forth all the elements of a prima facie case for either his state tort claims or his federal statutory claims.

As to the state tort claims, Washington's case is legally insufficient for two reasons either of which would have warranted, under the facts herein, a judgment on the pleadings: 1) a lack of control over the bail process, and 2) a lack of a special relationship with Washing-

ton. See OCGA § 9-11-12 (c).

A superior court judge, not a sheriff or county, controls the bail procedure for aggravated assault, the offense for which Carr obtained bond. OCGA § 17-6-1 (a) (11). Neither Compton, as Sheriff of Jefferson County, nor Jefferson County had any responsibility for determining, setting, or allowing bail for Carr. See *Howard v. State*, 197 Ga. App. 693 (399 SE2d 283) (1990) (amount of bail to be assessed in each criminal case generally within the sound discretion of the trial judge).

Nor is there any merit to Washington's negligent surety issue. OCGA § 17-6-15 (b) provides statutory authority for a sheriff to make the determination of the acceptability of a surety. Compton's approval of the surety on Carr's bond involved the use of judgment and was thus a discretionary function protected by sovereign immunity. *Gilbert v. Richardson*, 264 Ga. 744 (452 SE2d 476) (1994). See *McDay v. City of Atlanta*, 204 Ga. App. 621, 622 (2) (420 SE2d 75) (1992) (absent evidence of malice, wilfulness, or corruption, public officer afforded immunity in the exercise of official duties).

To survive summary judgment on his negligence claim, Washington had to show that the County and Compton had a special relationship with him, apart from that owed to the general public and that this special relationship created a special duty owed to him which the County and Compton then breached causing his injury. *City of Rome v. Jordan*, 263 Ga. 26, 28 (426 SE2d 861) (1993). The failure to establish the existence of a special relationship is fatal to this type of claim. A special relationship has three requirements: "(1) an explicit assurance by the [government entity] through promises or actions, that it would act on behalf of the injured party; (2) knowledge on the part of the [government entity] that inaction could lead to harm; and, (3) justifiable and detrimental reliance by the injured party on the [government entity's] affirmative undertaking. *Jordan*, 263 Ga. at 29.

In his responsive pleadings, Washington negated an element of his own prima facie case by admitting, "[N]or is any special relationship between the Defendants and David Washington alleged." Washington also conceded that Carr posed a risk of harm to all members of the public and that "Carr's victim could have been anyone. . . ." Washington admitted he did not ask for assistance from the sheriff's department after the first fight. Compton testified he did not know Carr posed a threat to Washington. Because the record lacks any evidence of special assurances, knowledge of danger, and justifiable and detrimental reliance, summary judgment was properly granted.

As to Washington's federal statutory claim, it also fails because Washington failed to show a nexus between his injury and any state action. Section 1983 imposes liability where persons acting under

color of state law have deprived a person of a federal constitutional or statutory right. *Hendon v. DeKalb County*, 203 Ga. App. 750, 757 (3) (417 SE2d 705) (1992). As discussed above, because there was no special relationship, neither the County nor Compton had a duty to protect Washington any more than any other member of the general public. Washington was not in state custody and did not face any special danger of assault by Carr, as distinguished from the danger to the general public. *DeShaney v. Winnebago County Social Svcs. Dept.*, 489 U. S. 189 (109 SC 998, 103 LE2d 249) (1989) (no cognizable claim brought under 42 USC § 1983 where state employee had no duty to protect an individual, not in state custody, against private violence).

After Compton presented testimony that neither he nor any member of his department made any assurances to Washington that he would be protected, the burden shifted to Washington to come forward with some contrary evidence. Washington could no longer rest upon the mere allegations of his pleading but was required to set forth specific facts showing a genuine issue for trial. OCGA § 9-11-56 (e). This he did not do. Because Washington failed to offer any specific facts which would give rise to a triable issue, we find that summary judgment was properly granted as to the 42 USC § 1983 claim.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 14, 1996 —
RECONSIDERATION DENIED MARCH 29, 1996.

*H. Brannen Bargeron*, for appellant.

*Barnhart, O'Quinn & Williams, Michael A. O'Quinn, Margaret E. Sanders, Michael J. Moses*, for appellees.

