A98A1509. DYBAS et al. v. TOWN OF CHESTER et al.

(505 SE2d 274)

ANDREWS, Chief Judge.

Angelina Dybas appeals from the trial court's orders granting summary judgment to the Town of Chester and two of its officers in their official capacity and to Dodge County and two of its officers in their official capacity on her claim of negligence in the death of her husband, Jack Dybas. The trial court ruled that the town and county and their officials were entitled to summary judgment on Mrs. Dybas' claims because she failed to show a special relationship between either the town and its officials or the county and its officials with her husband which created a special duty owed to her husband apart from that owed to the general public. We agree with the trial court and affirm.

This case arose when 89-year-old Jack Dybas was walking back from the post office as he did every day. Mr. Dybas was walking on the right-hand side of the road when a car driven by 13-year-old Summer Rogers struck and killed him. Mrs. Dybas filed a claim against the town and the county alleging they were negligent because they failed to prevent unlicensed children from driving on

the public roads.[1]

In their motion for summary judgment, the Town of Chester and its officials submitted the affidavit of Ralph Hosford, the Administrator of the Town of Chester, in which Hosford stated that the town discontinued its police force in early 1988. He stated that since that time, the only law enforcement agency for the town was the Dodge County Sheriff's Office. Hosford added that Billy Brown, whom Dybas sued in his official capacity as the "law enforcement official" of the town, was not a certified police officer and any reports received by the town concerning underage drivers would have been reported immediately to the Dodge County Sheriff's Office.

1. In any event, Mrs. Dybas' claim of negligence against the town and its officers fails because "where failure to provide police protection is alleged, there can be no liability based on a municipality's duty to protect the general public." *City of Rome v. Jordan*, 263 Ga. 26, 28 (426 SE2d 861) (1993).

Mrs. Dybas argues the town can still be found liable for negligence under the "special duty" exception to the public duty doctrine because a special relationship existed between Jack Dybas and the town such that the town owed a special duty to him. We disagree.

In order to determine that a special relationship exists, Mrs. Dybas must prove the following three requirements: "(1) an explicit assurance by the municipality, through promises or actions, that it would act on behalf of the injured party; (2) knowledge on the part of the municipality that inaction could lead to harm; and (3) justifiable and detrimental reliance by the injured party on the municipality's affirmative undertaking." *City of Rome*, supra at 29.

A review of Mrs. Dybas' affidavit submitted with her response to the defendants' motion for summary judgment and her deposition testimony provides no support for this contention. Mrs. Dybas admitted that she never spoke to Mayor Mullis nor his predecessor, Mayor Howard, about problems with underage drivers and stated she did not know whether or not her husband had ever talked to either of the mayors about the problem. Mrs. Dybas claimed in her deposition that her husband spoke with Billy Brown who said, "He'd take care of it." However, when asked if anyone with the town ever promised they would do something about the problem and then did not try to do it, Mrs. Dybas answered, "No, nobody said nothing. They just say, you know, it's too bad." Therefore, even assuming Mrs. Dybas can meet the first two parts of the test, by her own admission she cannot meet the third part of the test for a special relationship because neither

---

[1] Mrs. Dybas also filed a wrongful death claim against the driver of the car and her mother, but that is not before us in this appeal.

she nor her husband ever justifiably or detrimentally relied on any affirmative undertaking by the town. In fact, Mrs. Dybas stated that no official with the Town of Chester ever promised her they were going to do something and then did not try to do it.

2. Dodge County is entitled to sovereign immunity on Mrs. Dybas' claims against it and its officers acting in their official capacity. *Gilbert v. Richardson*, 264 Ga. 744, 747 (452 SE2d 476) (1994). Although sovereign immunity may be waived in certain instances, Mrs. Dybas makes no claim, and we find no evidence in the record, that the county has waived its sovereign immunity.

As in her claim against the town, Mrs. Dybas argues that her negligence claim against the county survives because a "special relationship" existed between her husband and the county defendants. We find no support for this argument in the record.

As set out above, in order to show a special relationship, the plaintiff must show the following: "(1) an explicit assurance by the municipality [or government entity], through promises or actions, that it would act on behalf of the injured party; (2) knowledge on the part of the municipality [or government entity] that inaction could lead to harm; and (3) justifiable and detrimental reliance by the injured party on the municipality's [or government entity's] affirmative undertaking." *City of Rome*, supra at 29; *Washington v. Jefferson County*, 221 Ga. App. 81, 82 (470 SE2d 714) (1996). There is nothing in the record or Mrs. Dybas' deposition concerning any explicit assurance by any county official that it would act on behalf of Mr. or Mrs. Dybas. Indeed, on appeal, Mrs. Dybas does not even argue any specific instance in which any county official gave any assurances to either her or her husband. Nor does she argue her husband relied on any assurance by a county official. Rather, just the opposite. When asked if anybody in the Dodge County Commissioner's Office or the Dodge County Sheriff's Office had ever made any promises to Mr. Dybas to protect him while he was walking, Mrs. Dybas replied, "No."

Accordingly, there has been no showing of any special duty on the part of any of the defendants to protect Jack Dybas from underage drivers. Therefore, Mrs. Dybas failed to show any exception to the public duty doctrine providing that municipalities and counties cannot be subject to liability for failure to provide police protection to the public. Thus, the trial court did not err in granting summary judgment to the town and county and their officials on Mrs. Dybas' claims of negligence.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED AUGUST 24, 1998.

*Decker & Hallman, Richard P. Decker*, for appellants.

*Chambless, Higdon & Carson, Thomas F. Richardson, Harrison & Wall, Milton Harrison, Roberts, Roberts & Ingram, Guy V. Roberts, Jr.*, for appellees.