A99A0760. BROWN v. THE STATE.
(515 SE2d 428)

BLACKBURN, Judge.

Victor Leonard Brown appeals his convictions, following a jury trial, for driving an automobile without proof of insurance and without a license tag. Brown contends, in four related enumerations of error, that his convictions must be reversed because the State failed to give him notice of his arraignment hearing.[1] As the record clearly shows otherwise, we affirm.

Brown was issued traffic citations for driving his automobile without proof of insurance and without a license tag on November 15, 1997. On April 8, 1998, the clerk of the State Court of Jackson County mailed a notice of arraignment to Brown at the address appearing on his traffic citations.[2] This notice instructed Brown to appear before the state court for arraignment on April 17, 1998, which Brown failed to do. Accordingly, the state court appropriately issued a bench warrant for Brown's arrest.

On April 23, 1998, Brown posted a cash bond which had been imposed on him due to his failure to appear in court, and, in the

---

[1] OCGA § 17-7-91 (a) provides:
In all criminal cases the court shall fix a date on which the defendant shall be arraigned. The clerk of the court, at least five days prior to the date set therefor, shall mail to the accused and his attorney of record, if known, notice of the date which has been fixed for arraignment.

[2] The notice mailed by the state court clerk was returned by the post office. The traffic citations listed Brown's address as 39 Piedmont Street. Brown testified for the first time at trial that his address was actually 36 Piedmont Street.

appearance bond contract which Brown signed at that time, notice was given that an arraignment hearing would be held on June 19, 1998. Brown attended his arraignment hearing on June 19, and he pled not guilty to both counts of the indictment against him. Following a jury trial held on August 10, 1998, during which the defendant admitted that he had been driving the car in question, Brown was convicted for both driving without proof of insurance and driving without a tag.

Brown's contentions on appeal that he received defective notice of arraignment on April 17, 1998, are misguided, as Brown simply was not arraigned on that date. Brown's arraignment occurred on June 19, 1998, and there is no question that he was given ample notice of this hearing, which he attended. As such, all four of Brown's enumerations which relate to defective notice of an April 17 arraignment hearing are rejected, and Brown's convictions are affirmed.

*Judgment affirmed. Beasley, P. J., and Barnes, J., concur.*

DECIDED APRIL 1, 1999.

Victor L. Brown, *pro se*.
*Donald E. Moore, Solicitor*, for appellee.