A07A0687. KENNEDY v. GEORGIA DEPARTMENT OF HUMAN RESOURCES CHILD SUPPORT ENFORCEMENT.
(648 SE2d 727)

SMITH, Presiding Judge.

Kelly Kennedy filed a class action complaint for damages contending that the Georgia Department of Human Resources, Office of Child Support Enforcement ("the Department") failed to collect post-judgment interest on unpaid child support. The trial court granted the Department's motion for summary judgment based on sovereign immunity and the Department's lack of statutory authority to collect interest on a judgment not obtained directly by the Department. Kennedy appeals, asserting in part that the Department waived its

---

[8] Id.

sovereign immunity by entering into an alleged written contract to collect her child support payments, arrearages, and interest. We disagree and affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Murray v. Fitzgerald Convenient Centers*, 239 Ga. App. 799 (521 SE2d 915) (1999).

Viewed in this light, the record shows that Kennedy signed a document drafted by the Department that was used as part of its application for services to a custodial parent. This document, titled "Statement of Understanding," provided "I, Kelly Kennedy, . . . hereby contract with the Office of Child Support Enforcement (OCSE) to provide appropriate child support services. This application constitutes the contract and its terms. I understand that OCSE determines which services are necessary for me." The document further provided "I understand that," and listed 18 different items by which Kennedy placed her initials. One of these items provided: "If my order was issued in Georgia, OCSE is authorized to calculate and collect interest on overdue child support pursuant to Georgia Law OCGA § 7-4-12.1. . . ." The document concluded with the following statement above Kennedy's signature: "My signature on this document constitutes a contract and authorizes the Office of Child Support Enforcement to provide necessary and appropriate services on my behalf." The "Statement of Understanding" did not include a preprinted place for the Department to sign and date as it did for the "applicant." It is undisputed that the Department did not seek post-judgment interest on Kennedy's behalf as a matter of Department policy.

After examining the documents before it, the trial court concluded:

This document, drafted by an employee of defendant, states that it is a contract. However, the "Statement[ ] of Understanding" fails to establish a contract at law. Defendant essentially promises nothing within this document. Even if the parties intended to form a contract, this document fails to bind defendant to any particular performance — rather, defendant's obligations are stated as discretionary throughout. . . . Thus, this court concludes that there is no written

contract between the parties. Therefore, the sovereign immunity of defendant has not been waived, and summary judgment in favor of defendant is required.

1. Kennedy asserts that the "Statement of Understanding" should be considered a written contract that waived the Department's sovereign immunity because it used the word "contract" throughout and fulfilled the requirements of a binding legal contract. We disagree.

The defense of sovereign immunity is waived "as to any action ex contractu for the breach of any written contract . . . entered into by the state or its departments and agencies. . . ." Ga. Const. 1983, Art. I, Sec. II, Par. IX (c). "[A]n implied contract will not support a waiver of . . . immunity under the provisions of the Georgia Constitution." (Citation omitted.) *Merk v. DeKalb County*, 226 Ga. App. 191, 193 (486 SE2d 66) (1997).

"To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." OCGA § 13-3-1. "Each of these essential terms must be certain." (Citation omitted.) *Gill v. B & R Intl.*, 234 Ga. App. 528, 531 (1) (b) (507 SE2d 477) (1998). Additionally, "[i]t is the substance and not the nomenclature of the agreement that determines its character." (Citation and punctuation omitted.) *Oliver v. Citizens DeKalb Bank*, 150 Ga. App. 437 (1) (258 SE2d 204) (1979).

In this case, the use of the word "contract" in the "Statement of Understanding" might well lead a layperson to believe that she had entered into a contract, as well as impress upon her the seriousness of what the Department expected of her. An examination of the substance of the document, however, reveals that its terms were too uncertain to form a binding legal contract. It did not create a definite, certain obligation to perform on the part of the Department. Instead, it stated that the Department "determines which services are necessary," and authorized the Department to provide "appropriate" services on Kennedy's behalf. The discretion afforded the Department, as well as the use of the vague term "appropriate," renders the statement of understanding too vague and uncertain to be enforced as a contract. See *Mathews v. Marietta Toyota*, 270 Ga. App. 337, 339 (606 SE2d 862) (2004) (agreement to be "fair" too indefinite to be enforced); *Patel v. Gingrey Assoc.*, 196 Ga. App. 203, 206 (2) (395 SE2d 595) (1990) (agreement not to be "unreasonable" too uncertain to create contractual obligation). As a result, the trial court properly granted summary judgment to the Department.

2. Kennedy's claim that the trial court erred by concluding that the Department lacked the authority to collect interest on her behalf is rendered moot by our holding in Division 1.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED JUNE 29, 2007.

*McCurdy & Stone, W. Phillip McCurdy III, Cathey & Strain, Dennis T. Cathey, David A. Sleppy,* for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Mark J. Cicero, Virginia B. Fuller, Assistant Attorneys General,* for appellee.