## A08A1137. WATTS v. CITY OF DILLARD.
(670 SE2d 442)

BERNES, Judge.
Lynn Watts appeals from the trial court's grant of summary judgment to the City of Dillard on her complaint for breach of contract and/or money had and received stemming from the forfeiture of a cash bond. Because the defense of sovereign immunity precludes Watts's lawsuit, we affirm the trial court.

On appeal from the denial or grant of summary judgment, the appellate court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Punctuation and footnote omitted.) *Williams v. Whitfield County*, 289 Ga. App. 301 (656 SE2d 584) (2008). The facts of this case are largely undisputed.

---

In August 2006, Rebecca Williams, an employee of Watts, was arrested by the City of Dillard Police Department for traffic violations. Watts agreed to post a cash bond on behalf of Williams in order to facilitate Williams's release from jail. At the time that she posted the bond, Watts was given a receipt from the Rabun County Sheriff's Office reflecting the payment on behalf of Williams.

In October 2006, Williams appeared on her scheduled court date and pled nolo contendere to the charges posed against her. Williams asserts that she informed the traffic court that she could not afford to pay the imposed fine and did not have Watts's authority to forfeit the cash bond, and requested that she be allowed to pay the fine in monthly installments. The judge denied her request. The traffic court then ordered the cash bond forfeited in order to pay Williams's fine.

In March 2007, Watts filed the instant action against the City, contending that the City had unlawfully extracted the bond money from its coffers and refused her demands to return it.[1] The parties filed cross-motions for summary judgment. The trial court ruled that Watts's action against the City was barred by the doctrine of sovereign immunity and granted summary judgment to the City, in turn denying summary judgment to Watts. This appeal followed.

1. Watts argues that the defense of sovereign immunity was waived and that the trial court erred in granting summary judgment to the City. We disagree.

"The doctrine of sovereign immunity, also known as governmental immunity, protects all levels of governments from legal action unless they have waived their immunity from suit." (Citation and punctuation omitted.) *Weaver v. City of Statesboro*, 288 Ga. App. 32, 33 (1) (653 SE2d 765) (2007). The authority to waive the immunity of municipalities rests solely with the General Assembly and must be effected by statute. Ga. Const. of 1983, Art. IX, Sec. II, Par. IX See also id. Significantly, our legislature has provided that "[m]unicipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers." OCGA § 36-33-1 (b).

In this case, the traffic court was operating in its judicial capacity when it ordered the forfeiture of Watts's cash bond, and its actions are therefore immune from liability. OCGA § 36-33-1 (b). See, e.g., *Gray v. Mayor &c. of Griffin*, 111 Ga. 361, 368 (3) (36 SE 792) (1900) (holding that the mayor acted in a judicial capacity when setting the plaintiff's bond higher than the law authorized and was

---

[1] The City filed a third-party action against Williams and subsequently obtained a default judgment against her in September 2007.

thus immune from liability); *Washington v. Jefferson County*, 221 Ga. App. 81, 82 (470 SE2d 714) (1996) (recognizing that the setting of bonds and approval of sureties are discretionary judicial functions); *Brown v. City of Union Point*, 52 Ga. App. 212, 213-214 (183 SE 78) (1935) (holding that the city cannot be liable for the judge's alleged wrongful refusal to allow bail to a criminal suspect).

Presumably in order to avoid the defense of sovereign immunity, Watts has couched her claim as a breach of contract action against the City. See *Precise v. City of Rossville*, 261 Ga. 210, 211 (1) (403 SE2d 47) (1991) ("[M]unicipal immunity is not a valid defense to an action for breach of contract."). In the context of a contract action, however, sovereign immunity is waived only as to actions based upon written contracts. *Kennedy v. Ga. Dept. of Human Resources &c.*, 286 Ga. App. 222, 224 (1) (648 SE2d 727) (2007). "An implied contract will not support a waiver of immunity under the provisions of the Georgia Constitution." (Citation and punctuation omitted.) Id. Moreover,

> [t]o constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate. OCGA § 13-3-1. Each of these essential terms must be certain.

(Citation and punctuation omitted.) Id. The burden was on Watts to establish the existence of a written contract with the City and the resulting waiver. *Scott v. City of Valdosta*, 280 Ga. App. 481, 484 (1) (634 SE2d 472) (2006).

Watts was not provided with nor did she sign a written bond contract, which distinguishes this case from those upon which she relies for the proposition that the bond itself created a contractual relationship between herself and the City. Compare *Brown v. State*, 237 Ga. App. 489, 489-490 (515 SE2d 428) (1999) (referencing a signed bond contract); *Osborne Bonding Co. v. Harris*, 183 Ga. App. 764, 765 (1) (360 SE2d 32) (1987) (same); *Cullifer v. State of Ga.*, 101 Ga. App. 231, 233 (113 SE2d 218) (1960) (noting in the context of a forfeiture action that a copy of the bond contract is a necessary part of the record).

Instead, Watts merely posted a cash bond on Williams's behalf and obtained a receipt reflecting that she had done so. The receipt does not set forth any understanding between the parties, nor does it indicate the terms under which the bond would be subject to forfeiture. Under these circumstances, we simply cannot say that Watts met her burden of proving the essential elements of a written contractual agreement between herself and the City sufficient to

support her breach of contract claim or the City's waiver of the immunity defense. See *Kennedy*, 286 Ga. App. at 224 (1).

Watts also contends that she is entitled to recover from the City for money had and received. "An action for money had and received is a legal action, founded upon the equitable principle that no one ought to unjustly enrich himself at the expense of another, and it is a substitute for an equity action." *Cochran v. Ogletree*, 244 Ga. App. 537, 539 (1) (536 SE2d 194) (2000). The defense of sovereign immunity also bars this claim against the City. See *Dollar v. Olmstead*, 232 Ga. App. 520, 522 (2) (502 SE2d 472) (1998).

By holding that sovereign immunity precludes the instant action, we do not reach the issue of whether the forfeiture of Watts's cash bond was proper. Rather, we simply acknowledge that

> [o]ur Constitution and law give great protection to counties and cities. As a result, claims . . . sometimes fail because of the technical difficulties associated with prosecuting a claim against a governmental entity.

*Scott*, 280 Ga. App. at 481. If the bond forfeiture was indeed improper, Watts's remedy lay not in a lawsuit against the City, but in a motion in the traffic court to set aside the forfeiture. See OCGA § 9-11-60 (d). See, e.g., *Osborne Bonding Co. v. State of Ga.*, 163 Ga. App. 648 (295 SE2d 577) (1982); *Cullifer*, 101 Ga. App. at 232.

2. For the reasons set forth in Division 1, the trial court did not err in denying Watts's motion for summary judgment.

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 29, 2008 —

Gary C. Harris, for appellant.
McClure, Ramsay, Dickerson & Escoe, John A. Dickerson, Larry L. Hicks II, for appellee.