**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 24, 2020**

# In the Court of Appeals of Georgia

A20A0412. MACON-BIBB COUNTY v. KALASKI.

COOMER, Judge.

In this interlocutory appeal, Macon-Bibb County appeals from the trial court's denial of its motion for summary judgment. Macon-Bibb County contends that sovereign immunity barred Ezell Kalaski's[1] premises liability lawsuit against it, and that the trial court therefore erred in denying its motion for summary judgment. We agree and reverse.

"On appeal from the denial or grant of summary judgment, the appellate court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Watts v. City*

---

[1] Appellee's name also appears in the record as "Kalaski Ezell."

*of Dillard*, 294 Ga. App. 861, 861 (670 SE2d 442) (2008) (citation and punctuation omitted).

So viewed, the evidence shows that Kalaski was fishing from a dock on Lake Tobesofkee within Arrowhead Park, which is owned and operated by Macon-Bibb County. When stepping backwards, Kalaski partially fell through the dock, sustaining injuries. The parties dispute whether Kalaski paid in order to enter the park and fish; Kalaski claims he did, while the County claims he did not.

Kalaski filed this premises liability action against Macon-Bibb County, alleging under OCGA § 51-3-1 that he was an invitee at the park and the County failed to exercise ordinary care in keeping the premises safe. In answering Kalaski's complaint, the County asserted that it was entitled to sovereign immunity, , and that it was entitled to the privileges, immunities, and protections of the Recreational Properties Act ("RPA"), OCGA § 51-3-20 et seq.

OCGA § 51-3-22 of the RPA provides:

Except as specifically recognized by or provided in Code Section 51-3-25, an owner of land owes no duty to keep the premises safe for entry or use by others for recreational purposes or to give any warning of a dangerous condition, use, structure, or activity on the premises to persons entering for recreational purposes.

2

Similarly, OCGA § 51-3-23 provides:

> Except as specifically recognized by or provided in Code Section 51-3-25, an owner of land who either directly or indirectly invites or permits without charge any person to use the property for recreational purposes does not thereby:
>
> (1) Extend any assurance that the premises are safe for any purpose;
>
> (2) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed; or
>
> (3) Assume responsibility for or incur liability for any injury to person or property caused by an act of omission of such persons.

Kalaski filed a motion for summary judgment. Kalaski argued that Macon-Bibb County was not exempt from premises liability under the RPA because he paid a fee to the County prior to his admission to the park. Specifically, he relied on former OCGA § 51-3-25, which provided:

> Nothing in this article limits in any way any liability which otherwise exists:
>
> (1) For willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity; or (2) For injury suffered in any case when the owner of land charges the person or persons who enter or

3

go on the land for the recreational use thereof, except that, in the case of land leased to the state or a subdivision thereof, any consideration received by the owner for the lease shall not be deemed a charge within the meaning of this Code section.

The County filed a cross-motion for summary judgment, arguing that it was totally immune from suit under sovereign immunity. The County asserted that sovereign immunity can only be waived pursuant to a legislative act specifically providing that sovereign immunity is waived and describes the extent of such waiver, and here there were no statutes that waived the County's sovereign immunity with respect to the injuries alleged by Kalaski. The County asserted that the RPA did not waive its sovereign immunity, and that the RPA only limits landowner liability and does not affirmatively establish any duties. Regarding Kalaski's motion for partial summary judgment, the County argued that in light of conflicting evidence as to whether Kalaski paid a fee prior to his admission to the park, there were genuine issues of material fact regarding whether the RPA applied to exempt the County from any liability.

Kalaski responded that the County was not entitled to sovereign immunity because the RPA constituted a waiver of sovereign immunity. Specifically, Kalaski

asserted that while counties are generally immune from suit under the RPA, in enacting OCGA § 51-3-25 the legislature waived sovereign immunity and provided an exception for when the land owner charges an invitee a fee to use the land, and here the County charged him a fee.

Following a hearing, the trial court issued an order denying each party's motion for summary judgment. The trial court simply concluded that "genuine issues of material fact still remain with regard to [Kalaski's] admittance to the subject recreational facility." After the trial court granted a certificate of immediate review, Macon-Bibb County filed an application for interlocutory review, which we granted. This appeal followed.

On appeal, Macon-Bibb County argues that it is entitled to sovereign immunity because the RPA and its exceptions, including the charge exception of OCGA § 51-3-25 (2), do not constitute a waiver of sovereign immunity. The County asserts that the RPA simply provides that land owners generally owe no duty under traditional premises liability to users of property made available to the public for recreational purposes; this bar to suit applies to all landowners, public and private, and the bar and its exceptions have nothing to do with the sovereign immunity granted to the State, its departments, and its agencies; and the exceptions to the RPA only allow a plaintiff

5

to circumvent the RPA. The County contends that there is no language in the RPA expressly waiving sovereign immunity or describing the extent of any such waiver, which is required in order to find a waiver of sovereign immunity. We agree.

"[S]overeign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, Sec. II, Para. IX (e); see also Ga. Const. of 1983, Art. IX, Sec. II, Para. IX ("The General Assembly may waive the immunity of counties, municipalities, and school districts by law."). "Implied waivers of governmental immunity should not be favored." *Norton v. Cobb County*, 284 Ga. App. 303, 306 (1) (643 SE2d 803) (2007) (citation and punctuation omitted). "A waiver of sovereign immunity must be established by the party seeking to benefit from the waiver." *Marshall v. McIntosh County*, 327 Ga. App. 416, 417 (1) (759 SE2d 269) (2014) (citation and punctuation omitted).

In *Norton*, the trial court found that the RPA waived the government's sovereign immunity, apparently based on the willful or malicious exception of OCGA

6

§ 51-3-25 (1). 284 Ga. App. at 304-306 (1). This Court held that the trial court erred in finding an implied waiver of sovereign immunity in the RPA, explaining that in contrast to a statute which waived sovereign immunity by expressly providing that a taxpayer whose claim for refund is denied by the county "shall have the right to bring an action for a refund in the superior court," the RPA, "by its terms, limits liabilities of entities, private or public, which allow their property to be used without charge for recreational purposes." Id. at 306 (1). We concluded that "the trial court erred in finding that the RPA waived the sovereign immunity of Cobb County, and Cobb County was entitled to summary judgment on this ground." Id. While in *Norton* we specifically analyzed the willful or malicious exception of OCGA § 51-3-25 (1) instead of the charge exception of OCGA § 51-3-25 (2), neither exception contains any language expressly waiving sovereign immunity, and our analysis in *Norton* is equally applicable to the charge exception.

The RPA – including the charge exception of OCGA § 51-3-25 (2) – does not waive Macon-Bibb County's sovereign immunity, because it lacks specific language providing for a waiver of sovereign immunity and the extent of such waiver. See *Currid v. DeKalb State Court Probation Dept.*, 285 Ga. 184, 187 (674 SE2d 894) (2009); see also Ga. Const. of 1983, Art. I, Sec. II, Para. IX (e). The RPA simply acts

as a limitation of liability for land owners who allow others to use their land for recreational purposes, and the charge exception simply provides that this limitation of liability does not apply when the land owner charges a fee. Indeed, OCGA § 51-3-25 (2) provides that when the charge exception applies, the RPA will not "limit[] in any way *any liability which otherwise exists*." In light of Macon-Bibb County's entitlement to sovereign immunity, there is no basis on which liability might otherwise exist for the County. Thus, Macon-Bibb County is entitled to sovereign immunity, and the trial court erred in denying Macon-Bibb's cross motion for summary judgment.

*Judgment reversed. Miller, P. J., and Mercier, J., concur*.