### 75235. DUNCAN v. DEITS.
(363 SE2d 601)

BANKE, Presiding Judge.

The appellant and appellee were involved in an automobile collision, as a result of which the appellant was paid $28,582.73 in insurance benefits by his own insurance carrier. Thereafter, his insurer, exercising its right of subrogation under the policy, brought this action against the appellee in the appellant's name, seeking to recover $22,607.23 for losses attributable to property damage sustained by the

appellant. The appellee counterclaimed for $2,500. A jury trial resulted in a verdict for the appellant in the amount of only $5,000, and this appeal followed.

The collision occurred while the parties were driving their respective automobiles westbound on a five-lane road consisting of two westbound lanes, two eastbound lanes and a center turn lane. There was a solid, no-passing line located to the right of the broken line marking the boundary between the center turn lane and the inside westbound lane. There was also a red "NO" sign suspended over the center lane approximately 125-150 yards east of the location where the collision occurred; however, positioned over the center lane at the collision site were arrows indicating that a left turn was permissible from the center lane at that point.

After driving approximately 40 yards past the "NO" sign, the appellant, who had until then been traveling west in the innermost westbound lane of traffic, pulled into the center lane, from which he intended to make a left turn. At this time, the traffic in the innermost westbound lane of traffic was backed up to a "stop-and-go" condition. The appellant continued traveling west in the center lane for the next 75-100 yards, at a speed of 30-35 miles per hour, passing several vehicles on his right. He collided with the appellee as the appellee was attempting also to move into the center lane, at a point just underneath the left-turn arrow.

Over the appellant's objection, the trial court gave the following jury charge, based on OCGA § 40-6-46 (a): "The Department of Transportation and local authorities are authorized to determine those portions of any highway under their respective jurisdictions where overtaking and passing or driving to the left side of the roadway would be especially hazardous and may, by appropriate signs or markings on the roadway, indicate the beginning and end of such zones and, when such signs or markings are in place and clearly visible . . . to an ordinarily observant person, every driver of a vehicle shall obey the directions thereof. Such no-passing zones shall be clearly marked by a solid barrier line placed on the right-hand element of a combination stripe along the center or lane line." The appellant complains on appeal that this charge was not authorized by the evidence. *Held*:

From the evidence introduced at trial, the jury was authorized to conclude that the appellant had entered the center turn lane prematurely, prior to the point where the traffic sign authorized him to do so, and that the accident was the proximate result, at least in part, of his having used the center turn lane improperly for the purpose of passing or overtaking traffic in the through lanes. The charge was consequently authorized by the evidence and was not erroneous. See generally *Southeast Transport Corp. v. Hogan Livestock Co.*, 133 Ga.

App. 825 (5) (212 SE2d 638) (1975).
  *Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED DECEMBER 1, 1987.

*Ralph E. Hughes*, for appellant.
*Lawrence J. Hogan, V. Jane Reed*, for appellee.