### 76815. HOLLAND v. KICKLIGHTER et al.
(375 SE2d 129)

BENHAM, Judge.

Appellant served as attorney in fact for her sister during the last few years before her sister's death. When appellant's sister died, appellees, the joint executors of her estate, sued appellant to recover certain funds and property, including a certificate of deposit worth $12,500, based on appellant's alleged misappropriation of the assets during the time she held the power of attorney. A jury found in favor of the appellees on the issue of the certificate and certain other items of personalty, and decedent's sister appeals the judgment. We affirm.

1. In her first three enumerations of error, appellant challenges the sufficiency of the evidence, the denial of her motion for directed verdict, and the grant of appellees' motion for directed verdict on the issue of wrongful withholding of the certificate of deposit. The evidence adduced at trial showed that in July 1982, decedent executed a general power of attorney in favor of appellant, her sister, so that her sister could take care of her affairs for her. She created a joint checking account with appellant on that same day. At that time decedent also owned four certificates of deposit which totaled $32,500 and were registered in her name alone. From July 1982 until decedent's death on March 23, 1986, appellant acted as her attorney in fact. Between May 1982 and August 1985, decedent renewed the certificates as joint certificates of deposit with right of survivorship in appellant, and deposited some of the funds in the joint checking account. When appellant's sister died, only one certificate of deposit remained, worth $12,500, the balance of the funds having been spent by appellant. It was also shown that in addition to her other assets, decedent had had a monthly income that was more than sufficient to cover her monthly expenses, and that a number of the expenditures appellant made using the joint account and certificate funds were for appellant's own expenses. There was also testimony from decedent's niece that decedent had to live with a caretaker from the fall of 1982 until her death; that her health had continually deteriorated from 1982 until her death, and during that period she had bouts of confusion and disorientation; that she required constant attention because she made attempts to set fires; that she would take wet clothes off the clothesline and pack them away, not realizing that they needed to be dried first; that she held conversations with deceased persons; that she had no concept of time; that she was incontinent; that she was receiving care from a mental health treatment center to help improve her condition; and that for the last two and one half years before her death, she had to be strapped down in her bed at night or she would get up and wander around the house and injure herself.

Appellant took the position that decedent made the certificates of deposit as joint property with right of survivorship as a gift to appellant, and that she was within her right to keep the funds that remained in the account at decedent's death. Appellees, as executors of the estate, considered any gifts made during the last five years of decedent's life to be voidable, due to decedent's incompetency and the exertion of undue influence by appellant over her sister. The jury found that the $12,500 certificate of deposit belonged to the estate, and the trial court entered judgment to that effect. The evidence was sufficient to support the finding and judgment, and the trial court did not err in denying appellant's motion for directed verdict and motion for new trial on that issue. Appellant's reliance on *Collins v. Collins*,

176 Ga. App. 79 (335 SE2d 307) (1985), is misplaced, because in that case the validity of the joint account was not in question.

2. Appellant also argues that several of the jury charges given by the trial court were confusing, contained incorrect statements of law, and were not supported by the evidence. Her basic premise is that the charges ran contrary to her theory of the case, which was that the creation of the joint ownership of the certificate with right of survivorship was valid and constituted a gift to her. The jury charges in question related to appellees' theory of the case, which was that the joint ownership of the certificate was voidable because of the circumstances surrounding its creation, and that if the jury accepted appellees' theory, the appellees as executors had the legal right to pursue the funds in question. There being evidence to support appellees' theory, the trial court was authorized to give the jury charges in question. *Duncan v. Deits*, 185 Ga. App. 136 (363 SE2d 601) (1987).

3. Appellant's brief contains a ninth enumeration of error that was not previously listed in the enumerations of error filed with this court. "A brief cannot supply an enumeration of error. 'Enumerations of error cannot be enlarged by means of statements in brief of counsel to include issues not made in the former.' [Cits.]" *Leniston v. Bonfiglio*, 138 Ga. App. 151 (2) (226 SE2d 1) (1976). Therefore, we do not address the issue so raised.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 3, 1988.

*Gary A. Bacon*, for appellant.
*Ronald W. Hallman*, for appellees.