A89A1014, A89A1016. KELLEY v. FOSTER et al. (two cases). A89A1015. KELLEY v. BUGGS.
(383 SE2d 646)

SOGNIER, Judge.

Gloria Foster, individually and as the representative of the estate of Tedrick Devon Foster; Leslie Buggs; and Jacqueline Foster, individually and as the representative of the estate of Samuel Lewis Foster, brought suit against Lucille Kelley, executrix of the estate of Glenn Ford Rives, seeking damages resulting from an automobile collision. Buggs and the decedents of Gloria Foster and Jacqueline Foster were passengers in an automobile traveling north on Interstate 75 when Kelley's decedent, Rives, who had been driving southbound, crossed the median dividing the lanes of the interstate and collided head on with the other vehicle. The jury returned verdicts in favor of the plaintiffs and Kelley appeals from the judgments thereon.

1. Appellant contends the trial court erred by charging the jury on negligence per se, citing *Griffin v. Odum*, 108 Ga. App. 572, 576-577 (133 SE2d 910) (1963). Since the transcript reveals that the trial court charged the jury extensively as to proximate cause, the holding in *Griffin* is not applicable here, and as the charge given was correct as a matter of law and adjusted to the evidence, we find no error in the giving of the charge. See generally *Duncan v. Deits*, 185 Ga. App. 136, 137-138 (363 SE2d 601) (1987).

2. The trial court charged the jury pursuant to OCGA § 1-3-3 (3) that "act of God means an accident produced by physical causes which are irresistible or inevitable, such as *lightning, storms, perils of the sea, earthquakes, innundations* [sic], sudden death or illness. This expression excludes all idea of human agency." (Emphasis supplied.) We find no merit in appellant's contentions that the trial court

erred by charging the jury the emphasized language since the giving of an entire section of a statute is not usually cause for a new trial. See *Chapman v. Piggly Wiggly Southern*, 178 Ga. App. 835 (344 SE2d 755) (1986). Nor did the trial court err by failing to give appellant's requested charge which deleted the emphasized language since the jury was accurately and fully charged on the relevant law for the issue covered by the requested charge. See *Brooks v. Coliseum Park Hosp.*, 187 Ga. App. 29, 34 (1) (369 SE2d 319) (1988).

3. We find no merit in appellant's contention that the trial court committed reversible error by charging the jury regarding insanity or mental incompetency because there was no evidence adduced at trial regarding insanity. The transcript reveals that Dr. Robert Henry Almeroth, Jr. testified during appellant's case in chief that Rives suffered from "some type of dementing illness," defined dementia as "losing our mind," and detailed the symptoms of the illness. " 'Where there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue.' [Cits.]" *Dept. of Transp. v. 19.646 Acres of Land*, 178 Ga. App. 287, 288 (2) (342 SE2d 760) (1986). As to appellant's arguments in her brief regarding other alleged errors in the giving of this charge, " '[a]n enumeration of error cannot be enlarged at the appellate level by statements in the briefs of counsel to include issues not made in the enumeration.' [Cits.]" *City of College Park v. Ga. Power Co.*, 188 Ga. App. 223-224 (372 SE2d 493) (1988).

4. Since the transcript reveals that the trial court charged the jury that "[n]either prejudice against one party nor sympathy for another party should play any part in your deliberations or your verdict," we find no error in the trial court's failure to charge the jury appellant's request to charge no. 10 on the issue of sympathy in the precise language requested by appellant. See *Union Camp Corp. v. Daley*, 188 Ga. App. 756, 759 (5) (374 SE2d 329) (1988).

5. In view of the evidence adduced at trial regarding the extensive injuries suffered by appellee Leslie Buggs as a result of the accident, expert testimony that Buggs sustained permanent injury to his shoulder, wrist, and brain, and that future surgery was a possibility, we find no merit in appellant's contention that there was no evidence to support the trial court's charge about Buggs's recovery for the loss of capacity to work as an element of mental pain and suffering. See generally *Duncan*, supra.

6. Appellant enumerates two errors allegedly committed during the testimony by John Brown, Ph.D., an expert witness testifying on behalf of appellee Jacqueline Foster regarding the economic value of her decedent, Samuel Lewis Foster. We find meritless appellant's contention that reversible error was committed when the trial court refused to strike as prejudicial Brown's testimony that his actuarial

figures encompassed only the economic value of a person's life, not the intangible values of that person as a family member, friend, or neighbor. The trial court did not abuse its discretion in admitting this testimony as relevant and responsive to questioning about what matters Brown considered in arriving at his figures, see generally *Energy Contractors v. Ga. Metal &c.*, 186 Ga. App. 475, 476 (1) (367 SE2d 324) (1988), and as relevant evidence, the testimony was not subject to an objection that it might prejudice the jury. See generally *Assoc. Health Systems v. Jones*, 185 Ga. App. 798, 803 (3) (366 SE2d 147) (1988). Furthermore, " 'even if the evidence had been irrelevant, appellant failed to carry the burden of proving that the admission of the evidence was unduly prejudicial to [her] rights. Appellant's contention is therefore without merit.' . . . [Cit.]" *Dept. of Transp. v. Coley*, 184 Ga. App. 206, 208-209 (2) (360 SE2d 924) (1987).

Turning to appellant's other enumeration regarding her cross-examination of Brown, since the transcript reflects that Brown testified about what he considered a "conservative" investment to be, why he considered it to be so, and why he did not think the investment example proffered by appellant's counsel constituted a conservative investment, we find no merit in appellant's contention that the trial court abused its discretion by restricting the scope of her cross-examination of Brown on this matter. See generally *Empire Forest Prods. v. Gillis*, 184 Ga. App. 542, 545 (3) (362 SE2d 77) (1987).

7. Appellees' motion for an assessment of damages for frivolous appeals is denied.

*Judgments affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 22, 1989.

John L. Hammaker, Charles W. Smith, Jr., for appellant.
Gorby, Reeves, Moraitakis & Whiteman, Eve A. Appelbaum, Nicholas C. Moraitakis, for appellees.