A90A1250. BRANTLEY v. EDWARDS et al.
(399 SE2d 215)

COOPER, Judge.
Appellee Edwards, while operating an automobile owned by the county and while acting within the course of his employment with the county, was involved in an automobile accident with appellant. Appellant brought an action for personal injuries against Edwards, the county and the county's commissioners, seeking actual and punitive damages. The trial court granted summary judgment to the county and the commissioners based on sovereign immunity, and this appeal followed.

1. "Sovereign immunity extends to the State and all of its political subdivisions, including its counties, departments, and agencies, unless such immunity is expressly waived by constitutional provision or legislative enactment. [Cits.]" *Ostuni Bros. v. Fulton County Dept. of Public Works*, 184 Ga. App. 406 (1) (361 SE2d 668) (1987). Appellant contends that appellees waived their sovereign immunity by the purchase of liability insurance which covered the accident involving appellee Edwards. See *Toombs County v. O'Neal*, 254 Ga. 390 (1) (330 SE2d 95) (1985). However, appellees submitted the uncontroverted affidavit of the county's executive assistant, which stated unequivocally that at the time of the accident, the county was not covered by any policy which provided coverage for the accident. Appellant having submitted no evidence that the governing authorities of the county elected to provide any type of insurance for its vehicles or that the governing authorities applied for a certificate of self-insurance pursuant to OCGA § 40-9-101, the trial court did not

err in granting summary judgment to the county and its commissioners. See *Shuman v. Dyess*, 175 Ga. App. 213 (1) (333 SE2d 379) (1985).

2. Appellant also contends that the county and the commissioners are liable for failing to provide insurance for county motor vehicles pursuant to OCGA § 33-34-10, which provides that "[n]o motor vehicle shall be licensed by this state until the owner or insured has furnished proof . . . that there is in effect the minimum insurance coverage required by this chapter or that there is in effect an approved self-insurance plan. . . ." However, OCGA § 33-24-51 provides: "A municipal corporation, a county, or any other political subdivision of this state is authorized *in its discretion* to secure and provide insurance to cover liability for damages . . . arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the municipal corporation, county, or any other political subdivision of this state. . . ." (Emphasis supplied.) As to the county, we have determined in Division 1, supra, that there was no waiver of the county's sovereign immunity. "The test for determining liability of a public official or agent acting in his public capacity is not that applied to counties but is rather whether or not the complained of act was discretionary (quasi-judicial) or ministerial in nature." *Shuman v. Dyess*, supra at 215. "Damage suits are maintainable in this state against government officers and agents for failure to perform ministerial duties, but such officers and employees are immune from negligence claims when the acts complained of involve a discretionary function of an office. [Cit.] Where a public official is 'exercising a discretionary power, the courts are not warranted in interfering unless fraud or corruption is shown, or the power or discretion is being manifestly abused to the oppression of the citizen.' [Cit.]" *Nelson v. Spalding County*, 249 Ga. 334 (2a) (290 SE2d 915) (1982). The decision whether to provide insurance being made discretionary by statute, we find no error in the grant of summary judgment to the commissioners and the county.

3. Appellant raises in her supplemental brief an error regarding a change of venue which was not previously listed in the enumeration of errors filed with the court. " 'A brief cannot supply an enumeration of error. "Enumerations of error cannot be enlarged by means of statements in brief of counsel to include issues not made in the former." (Cits.)' [Cit.]" *Holland v. Kicklighter*, 189 Ga. App. 138 (3) (375 SE2d 129) (1988). Therefore, we will not address the matter raised in appellant's supplemental brief.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 10, 1990 —
REHEARING DENIED NOVEMBER 26, 1990 — 

*George P. Graves, E. Graydon Shuford*, for appellant.
*Maddox, Starnes & Nix, John A. Nix, Donald C. Suessmith, Jr.*, for appellees.