A99A0650. BUTLER v. DAWSON COUNTY.
(518 SE2d 430)

POPE, Presiding Judge.

Jason John Butler sued Dawson County and Angela Alexander for injuries he received in an automobile collision. The county filed a motion to dismiss, arguing that Butler's suit against it was barred by sovereign immunity. The superior court granted the motion to dismiss the county and Butler appeals. For the following reasons, we conclude that the superior court correctly determined that the county was immune from suit and affirm.

The complaint alleged that on February 1, 1996, Alexander, who

was intoxicated, negligently drove into Butler's lane of travel and caused the collision. The complaint claimed that Alexander should not have been driving at the time of the accident because she had been serving a sentence for revocation of probation for DUI. The complaint stated that despite the Dawson County jail officials' knowledge of Alexander's motor vehicle violations, and despite the fact that Alexander had no driver's license, the officials permitted Alexander to leave the jail to drive herself to a doctor's appointment. The complaint alleged that the county was insured and that, accordingly, the county had waived immunity to the extent of its coverage. The complaint stated that the county should have detained Alexander and that by and through Alexander had caused the accident. The complaint did *not* allege that the vehicle which Alexander was driving at the time of the collision was the county's.

Dawson County filed a motion to dismiss.[1] In its order granting the motion,[2] the superior court found that the vehicle Alexander was driving in the collision was her personal car. The court found that Alexander had been released from custody before the accident and that, accordingly, she had not been acting under the control or direction of the county at the time of the accident. The court rejected Butler's argument that the county had abdicated its responsibility to provide Alexander medical treatment, as required under OCGA § 42-5-2. The court noted that there were no allegations that Alexander was required to report back to the jail, nor were there allegations that anyone would follow up on her activities once she was released. The court concluded that once Alexander was released from the supervision of the jail officials, the county was not liable for her actions and that there was no waiver of the county's sovereign immunity under OCGA § 33-24-51 (a).

Pursuant to the 1991 amendment to the Georgia Constitution, "sovereign immunity extends to the state and all of its departments and agencies." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). This immunity also extends to counties. See *Gilbert v. Richardson*, 264 Ga. 744, 747 (2) (452 SE2d 476) (1994). "The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). Furthermore, OCGA § 36-1-4 provides that a county is not liable to suit for any cause of action

---

[1] In addition to the sovereign immunity arguments addressed here, the county also argued that it was not liable for acts of the deputies of the sheriff's department. These arguments are not at issue in this appeal.

[2] In an amendment to its order, the court made clear that plaintiff's claims against defendant Alexander, who had not been found in Georgia, survived.

unless made so by statute.

Butler argues that because Dawson County had purchased automobile liability insurance, OCGA § 33-24-51 provides a waiver of sovereign immunity in this case. Butler contends that, as the opponent of the county's motion to dismiss, the pleadings should be construed broadly and in his favor, and that this construction precludes dismissal.

> We recognize the strict standard for granting a motion to dismiss for failure to state a claim: such a motion should be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of the claim. Even taking this standard into account, however, we agree with [the county] that dismissal is warranted.

(Citations and punctuation omitted.) *Dept. of Transp. v. Jackson*, 229 Ga. App. 321, 322 (494 SE2d 20) (1997).

Pursuant to subsection (a) of OCGA § 33-24-51 counties are authorized to exercise their discretion in buying liability insurance to cover damages, including those resulting from bodily injury or death "arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the . . . county." Subsection (b) of the statute provides:

> [w]henever a . . . county . . . shall purchase the insurance authorized by subsection (a) of this Code section to provide liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his official duties, its governmental immunity shall be waived to the extent of the amount of insurance so purchased.

Despite the provisions of this statute, "procurement of insurance under this statute does not constitute a waiver of sovereign immunity in regard to damages caused by the county's negligence *not* connected with motor vehicles." (Citations and punctuation omitted.) *Lincoln County v. Edmond*, 231 Ga. App. 871, 873 (1) (501 SE2d 38) (1998).

The cases Butler cites in support of his position that sovereign immunity has been waived involve conduct either by a deputy or by an inmate under the direction and control of a county employee. See, e.g., *Gilbert v. Richardson*, 264 Ga. at 751-753 (immunity waived to the extent of insurance coverage where deputy sheriff wrecked causing injuries to the plaintiff while responding to an emergency call). In *Crider v. Zurich Ins. Co.*, 222 Ga. App. 177, 179 (2) (474 SE2d 89)

(1996), this court concluded that the county waived immunity to the extent of its insurance coverage where an inmate was injured while working on a county-owned backhoe operated by a county employee. See also *Hall County v. Loggins*, 110 Ga. App. 432-433 (1), (3) (138 SE2d 699) (1964).

In this case the complaint does not allege that Alexander was under the direction and control of the county. Rather, here the complaint alleges that the county was negligent in not detaining Alexander and in permitting her to leave the jail. There are no allegations that the car was owned by the county, nor are there allegations that the car was operated by an authorized officer, agent, servant, attorney, or employee in the performance of his or her official duties. According to the complaint itself, Alexander had been released from custody at the time of the accident. There were no allegations that she was required to report back to jail or that anyone would follow up on her activities once she was released. Under the allegations of the complaint, there is no waiver of immunity under OCGA § 33-24-51 (a). See *Harry v. Glynn County*, 269 Ga. 503, 504 (1) (501 SE2d 196) (1998) (no waiver based on the purchase of insurance where the allegations against the paramedic involved medical issues and did not arise from the use of a motor vehicle).

This conclusion comports with the result reached in *Long v. Hall County*, 219 Ga. App. 853, 857 (2) (b) (467 SE2d 186) (1996), in which the plaintiff sued Hall County Correctional Institute and others for injuries from an accident allegedly caused by an inmate who had escaped from that facility. This court concluded that OCGA § 33-24-51 did not apply because the liability of the county departments was not predicated upon their alleged negligent use of an insured motor vehicle. See also *Woodard v. Laurens County*, 265 Ga. 404, 405 (1) (456 SE2d 581) (1995).

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED MAY 20, 1999 —
RECONSIDERATION DENIED JULY 1, 1999.

*Weiner, Yancey, Dempsey & Diggs, Beryl H. Weiner, John C. Yancey, Jennifer A. Riddick*, for appellant.

*Barnhart, O'Quinn & Williams, Steven D. Barnhart, Kenneth E. Jarrard*, for appellee.