A99A2008. WILLIAMS v. SOLOMON.
A99A2285. WILLIAMS v. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH.
(531 SE2d 734)

POPE, Presiding Judge.

Robert Williams sued the Mayor and Aldermen of the City of Savannah and Ramsey William Solomon, a Savannah police officer. Williams' suit sought damages for injuries sustained in a collision with Solomon's patrol car on January 23, 1998. Williams' complaint alleged that at the time of the collision Solomon was not using his siren or operating the blue lights on his patrol car and that the collision occurred because Solomon ran a stop sign without slowing as required by OCGA § 40-6-6.

Solomon and the City each moved for summary judgment on Williams' claims. In support of these motions, Solomon submitted an affidavit stating that he was pursuing a suspected stolen vehicle when he approached the intersection where the collision occurred. Before entering the intersection, he avers that he stopped at the stop sign. He then proceeded into the intersection where he collided with Williams' car. Throughout the chase and up until the time of the collision, Solomon asserts that he was utilizing his siren and blue lights.

---

[17] See OCGA § 16-13-49 (d) (2).
[18] *Thorp*, supra, 264 Ga. at 718 (3).

Williams submitted his own affidavit in opposition to the summary judgment motions. Williams stated that Solomon "did not appear to have even attempted to stop at the stop sign facing him and the first time I realized the presence of his vehicle was when he struck my vehicle." He also asserted that Solomon did not have his siren or emergency lights on at the time of the collision and he had no warning of his presence before he ran the stop sign and struck his car.

At his deposition, Williams reiterated that he did not see the patrol car until the time of the collision. He also stated that he lost consciousness from the point of impact until he was placed in an ambulance. Williams then conceded that because he did not see Solomon's car until the point of impact and because he was unconscious thereafter, he could not say how fast the car was going; he did not know if Solomon stopped at the stop sign; and he did not know if Solomon had his siren and blue lights on at the time.

The trial court granted both defendants' motions for summary judgment, and Williams appeals.

### Case No. A99A2008

1. Williams contends the trial court erred in granting summary judgment to Solomon because factual issues remain as to Solomon's liability. We disagree.

Because he was acting in his capacity as a municipal police officer at the time of the collision, Solomon is entitled to the protection of official immunity. *Sommerfield v. Blue Cross &c.*, 235 Ga. App. 375, 376 (1) (509 SE2d 100) (1998); *Pearson v. City of Atlanta*, 231 Ga. App. 96, 101 (5) (499 SE2d 89) (1998); Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d). "Such immunity protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice or corruption." (Citation and punctuation omitted.) *Sommerfield v. Blue Cross*, 235 Ga. App. at 376 (1).

It is undisputed that Solomon's actions in pursuing a suspected stolen vehicle were within the scope of his official authority. The Supreme Court of Georgia previously has held that a police officer responding to an emergency call is exercising discretion in deciding to rush to the scene of a fight or in rushing to back up another officer. *Gilbert v. Richardson*, 264 Ga. 744, 753 (6) (452 SE2d 476) (1994); *Logue v. Wright*, 260 Ga. 206, 207-208 (1) (392 SE2d 235) (1990).[1]

---

[1] We note that the Supreme Court's opinion in *Merrow v. Hawkins*, 266 Ga. 390, 393 (467 SE2d 336) (1996) disapproved language in *Logue* indicating that immunity does not apply to acts taken in reckless disregard for the rights or safety of others and reaffirmed

Similarly, Solomon was exercising his discretion in deciding to pursue the suspected stolen car. Therefore, Solomon is liable only if he acted "with actual malice or with actual intent to cause injury." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d). See *Kidd v. Coates*, 271 Ga. 33 (518 SE2d 124) (1999).

Williams has not alleged, however, that Solomon acted either with actual malice or intent to cause injury. While he asserts that Solomon acted with reckless disregard for his safety,[2] the Supreme Court of Georgia has held that conduct exhibiting a reckless disregard for the safety of others does not equate with the actual malice necessary to defeat a claim of official immunity. *Merrow v. Hawkins*, 266 Ga. 390, 392 (2) (467 SE2d 336) (1996); *Adams v. Hazelwood*, 271 Ga. 414 (2) (520 SE2d 896) (1999). Therefore, Solomon's actions fall within the ambit of his official immunity, and the trial court properly granted him summary judgment. *Logue v. Wright*, 260 Ga. at 207-208.

2. Williams' reliance upon OCGA § 40-6-6 is misplaced. That statute sets out certain privileges granted to emergency and law enforcement vehicles while responding to emergency calls or pursuing suspects. OCGA § 40-6-6 (a), (b). And although it also defines the duties such vehicles owe to the public, the statute expressly states that it is not intended to create a waiver of any immunity to which a defendant is otherwise entitled. OCGA § 40-6-6 (d) (3). Because OCGA § 40-6-6 applies only where a defendant's actions are not entitled to immunity, it has no application in this case.[3] See *Hilson v. Dept. of Pub. Safety*, 236 Ga. App. 638, 641 (512 SE2d 910) (1999); *Pearson v. City of Atlanta*, 231 Ga. App. at 101 (5).

### Case No. A99A2285

3. Williams also contends the trial court erred in granting summary judgment to the City.

While we have found that Solomon has official immunity, this

---

that actual malice is required to overcome a claim of official immunity. But the Supreme Court's holding in *Merrow* does not affect the result in *Logue*, and it remains authority for the proposition that a police officer acts in his discretionary capacity in responding to an emergency call.

[2] The trial court found that Williams' affidavit testimony in support of this claim was contradicted by Williams' deposition testimony and thus must be disregarded pursuant to *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986). But even construing the testimony in Williams' favor, Solomon is entitled to immunity. Therefore, we need not determine whether his testimony was self-contradictory.

[3] We note that the Supreme Court's opinion *Mixon v. City of Warner Robins*, 264 Ga. 385 (444 SE2d 761) (1994), upon which Williams relies, did not address the issue of immunity and was decided before the statute was amended to state that it "shall not affect the existence or absence of immunity." OCGA § 40-6-6 (d) (3); Ga. L. 1995, p. 855, § 1.

finding does not resolve the issue of the City's liability. The City may be liable for any negligent acts by Solomon to the extent it has waived its sovereign immunity. *Gilbert v. Richardson*, 264 Ga. at 754 (7). Under OCGA § 36-33-3, a municipal corporation is not liable for torts committed by its police officers while engaged in their official duties. That immunity may be waived, however, to the extent the City has purchased liability insurance to cover Solomon's actions in operating his police car. OCGA § 33-24-51 (b); *City of Thomaston v. Bridges*, 264 Ga. 4, 7, n. 7 (439 SE2d 906) (1994). Williams concedes that there is absolutely no evidence that the City maintains such insurance. He contends, however, that the City is liable under a number of exceptions to its sovereign immunity.

He first asserts that the immunity afforded by OCGA § 36-33-3 is waived if a police officer acts in reckless disregard of the safety of others. But under the circumstances of this case, the City would not be liable even if Solomon had committed an intentional tort. See *Brown v. City of Union Point*, 52 Ga. App. 212, 215 (183 SE 78) (1935); see also *Mayor &c. of Savannah v. Radford*, 261 Ga. 129, 130-131 (1) (401 SE2d 709) (1991) (city not liable for either intentional or negligent torts where employees performing a governmental, rather than a ministerial, function). So in the absence of some waiver of this immunity, there can be no municipal liability for a claim based on allegedly reckless conduct by police.

4. Williams next asserts that the City's immunity is waived by estoppel because it failed to secure liability insurance on its police vehicles in accordance with OCGA §§ 33-34-2, 33-34-4, and 40-9-37. Those statutes require the owner of any motor vehicle registered in this state to maintain liability insurance. But under OCGA § 33-24-51, "a municipal corporation . . . is authorized *in its discretion* to secure and provide insurance to cover liability for damages . . . arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the municipal corporation. . . ." Thus, the General Assembly has granted the City the discretion to decide whether to purchase liability insurance for its police cars. *Brantley v. Edwards*, 197 Ga. App. 713, 714 (2) (399 SE2d 215) (1990). And sovereign immunity is waived in this instance only if and to the extent that the City purchased such insurance. Because the City does not maintain insurance, it has not waived its sovereign immunity under OCGA § 36-33-3.

5. Williams also argues that the City is liable because (a) it maintained a nuisance and (b) it intentionally violated his constitutional rights by training its police officers to chase suspects in a dangerous manner with a reckless disregard for the life and health of the public. While under some circumstances a municipality may be liable for maintaining a nuisance or violating an individual's constitutional

rights,[4] Williams' claims fail because, as the City notes, Williams has produced no evidence with regard to the City's policies or police training methods. Therefore, Williams cannot point to any evidence that would create a jury issue on his claims:

> [T]he burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). See also *Banks v. Mayor &c. of Savannah*, 210 Ga. App. 62 (435 SE2d 68) (1993) (the fact that a number of collisions have occurred with police cars was insufficient to prove negligence in training or that the city maintained a nuisance).

The trial court, therefore, correctly granted summary judgment to the City.

*Judgments affirmed. Smith and Miller, JJ., concur.*

DECIDED MARCH 16, 2000 — 

*Harold J. Cronk*, for appellant.

*Oliver, Maner & Gray, Patrick T. O'Connor*, for appellee (case no. A99A2008).

*Weiner, Shearouse, Weitz, Greenberg & Shawe, William W. Shearouse, Jr., Malcolm Mackenzie III*, for appellees (case no. A99A2285).

---

[4] See *Martin v. City of Fort Valley*, 235 Ga. App. 20 (508 SE2d 244) (1998) (municipality may be liable for creating and maintaining a nuisance); *City of Cave Spring v. Mason*, 252 Ga. 3, 4-5 (310 SE2d 892) (1984) (cause of action under 42 USC § 1983 creates cause of action against city for acts implementing an intentional policy resulting in the deprivation of constitutional rights).