## A01A0795. ROUNDTREE et al. v. CLOUD et al.
### (551 SE2d 770)

ANDREWS, Presiding Judge.

Derrick Roundtree and his wife, Emerita Roundtree, appeal from the trial court's grant of summary judgment to City of Macon Police Officers Cloud and Torres and their supervisor Chief Vasquez in Derrick Roundtree's suit[1] for injuries suffered when the van in which he was riding was struck by Theodore Thomas, who was fleeing from the officers.

Viewed with all inferences in favor of Roundtree, opponent of summary judgment, *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), the evidence was that on October 10, 1997, off-duty Officers Cloud and Torres were working security at the Macon Mall when they were advised that Thomas had been spotted on mall premises driving a 1993 blue Buick Regal. Because of previous shoplifting offenses, an order banning Thomas was issued by the mall, making his presence there a criminal trespass.

Officer Cloud, in uniform and driving his Macon Police cruiser, saw a car matching the Buick's description and stopped to investigate. As he did so, he saw Thomas approaching the car carrying bags from a department store in the mall. Thomas and several passengers got in the Buick. Although Cloud motioned for Thomas to remain parked, Thomas pulled out and drove away. Cloud activated his blue lights and siren and pursued the Buick. Cloud also notified Officer Torres, his backup officer, of the pursuit. Thomas pulled in front of Torres on the mall perimeter road, and Torres activated his lights and siren and joined the pursuit.

As the three cars left the mall parking lot and entered city streets, Officer Cloud switched his police radio from the mall channel to the police channel, spoke to the controller and advised that he and Torres were attempting to make a traffic stop. Torres, who was immediately behind Thomas' car, suffered engine problems and pulled aside to allow Cloud to continue pursuit. The chase continued over several residential streets in Macon, with Officer Cloud remaining five to ten car lengths behind Thomas and Officer Torres, who had restarted his car, following Officer Cloud. Thomas ran two stop signs during the chase and was exceeding the speed limit, which was 25 mph. According to Officer Cloud, during the pursuit he saw few other cars and no pedestrians. Thomas was beginning to pull away from Officer Cloud when he ran a stop sign and ran into the van occupied by Mr. Roundtree.

Suit was filed against the City of Macon, Police Chief Vasquez

---

[1] Mrs. Roundtree's claim is for loss of consortium.

and Officers Cloud and Torres, claiming the pursuing officers' actions were negligent.

1. Roundtree contends that summary judgment in favor of Officers Cloud and Torres on the basis of official immunity as applied in *Williams v. Solomon*, 242 Ga. App. 807 (531 SE2d 734) (2000), was error because the trial court failed to give effect to OCGA § 40-6-6. This argument is premised on an apparent conflict between *Williams,* supra, and *Lang v. Becham*, 243 Ga. App. 132 (530 SE2d 746) (2000).

This perceived conflict, however, has been obverted by *Cameron v. Lang*, 274 Ga. 122 (549 SE2d 341) (2001). There, the Supreme Court found that, as a threshold issue before addressing proximate cause and OCGA § 40-6-6, a trial court must consider whether the officer is entitled to qualified immunity from personal liability in a lawsuit for damages.

Further, the Supreme Court found that

> Nothing in the language of OCGA § 40-6-6 on emergency vehicles requires a court to address the issue of causation before dealing with the defendants' immunity from liability. OCGA § 40-6-6 (d) (3) states explicitly that subsection (d) deals solely with issues of causation and duty and "shall not affect the existence or absence of immunity which shall be determined as otherwise provided by law."

*Cameron*, supra at 124 (1).

Therefore, the trial court's conclusion that Officers Cloud and Torres were entitled to qualified immunity precluding Roundtree's suit was correct.

2. Similarly, Roundtree's argument regarding the vicarious liability of Chief Vasquez is of no avail in light of *Cameron*, supra.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED JULY 2, 2001.

*Reynolds & McArthur, Bradley J. Survant*, for appellants.
*James, Bates, Pope & Spivey, John T. Mitchell, Jr., Groover & Childs, Denmark Groover, Jr., Martin, Snow, Grant & Napier, Richard A. Epps, Jr., Jay C. Traynham, Barrickman, Allred & Young, Fredric S. Young*, for appellees.