## A06A0128. SCOTT v. CITY OF VALDOSTA et al.

(634 SE2d 472)

BARNES, Judge.

This appeal arises from Lindsay Eugene Scott's arrest and detention by City of Valdosta police officers based upon a radio call from a Lowndes County deputy sheriff reporting that an arrest warrant had issued for a Lindsey E. Scott. The City and County answered and denied liability, and subsequently moved for summary judgment. After the trial court, in separate orders, granted Lowndes County's motion to dismiss and granted the City of Valdosta's motion for summary judgment, this appeal followed. Neither order explained the trial court's rationale for granting the motions, but we will affirm them if they are right for any reason. *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991).

Scott appeals the dismissal of his complaint against Lowndes County and the grant of summary judgment to the City of Valdosta. He contends the trial court erred by dismissing the complaint against Lowndes County based upon the County's sovereign immunity, and further contends that the City is liable because the officers did not exercise good faith in making the decision to arrest him. He also argues that, because the trial court granted summary judgment based solely on the issue of negligence, the immunity issues survived the summary judgment motions.

Even though we agree that the authorities' inactions were negligent and what happened to Scott was terrible and could have been easily avoided, our law requires that we affirm the trial court's rulings in favor of both defendants. Our Constitution and law give great protection to counties and cities. As a result, claims such as Scott's sometimes fail because of the technical difficulties associated with prosecuting a claim against a governmental entity.

Scott[1] was stopped by a Lowndes County deputy sheriff for speeding, but was allowed to proceed after receiving a warning. After Scott was allowed to go, the deputy received information from the Lowndes County Sheriff's Department that a Lindsey E. Scott had an

---

[1] Former University of Georgia football hero and slayer of the Florida Gators in 1980 who was made famous to everyone (but, apparently, the arresting officer) by Larry Munson's famous call: "Lindsay Scott! Lindsay Scott! Lindsay Scott!"

outstanding warrant and issued a "be on the lookout" call over the radio for a black male driving a black BMW because of the outstanding warrant.

A City of Valdosta police officer heard the call, saw a black BMW, and stopped the driver, who was later determined to be Lindsay Eugene Scott. After being ordered to get out of his car, Scott's hands were cuffed behind his back. The officer asked Scott if he was Lindsey Scott, and when Scott replied that he was, the officer told him that a warrant was out for his arrest. When Scott asked him what he had done, the officer replied that he only knew that a warrant was out for his arrest.

Scott was placed in the back of a police car and taken to the jail. En route the officer radioed a 911 dispatcher and, after providing Scott's name, date of birth, and social security number, asked that a check on him be run. The check was made through local records and through the Georgia Crime Information Center. Although the Georgia Crime Information Center check came back negative, the local check showed a warrant for the arrest of Lindsey E. Scott. No one compared the spelling of the names or addresses at this time.

The dispatcher, a county employee, called the jail to verify the warrant. The person at the jail, an employee of the sheriff, said that the social security number was unnecessary, and then reported that the warrant was valid. If the dispatcher made any effort whatsoever to compare the spelling of the names, or the addresses, or gender, or race, evidence of this does not appear in the record.

At the Lowndes County jail, Scott attempted to explain to anyone that he had been wrongly arrested. Nevertheless, he was fingerprinted, given a jail jumpsuit, and strip searched. Finally, an intake officer showed Scott the warrant for writing a bad check. Scott saw the check was not on his bank and that the signature was not his. He also stated that he was informed by a deputy at the jail that the warrant was for Lindsey Elizabeth Scott, a white female with a different address and social security number. Scott, an African-American male, was then released.

The record shows that the warrant was for the arrest of Lindsey E. Scott, 2729 Copeland Road, Valdosta, Georgia, for passing a $31.59 bad check at a store in July 2001. The warrant itself did not state the date of birth, race, sex, or social security number of the person to be arrested.

Two days after the incident on December 31, 2001, Scott's wife faxed a letter to the Valdosta police department informing them of his complaint. The letter is entitled Citizen's Complaint, but it is not addressed to any particular person by name or title or to any

particular office. It narrates the events that took place when Scott was stopped, taken into custody, and then released, but makes no demand for relief.

Thereafter Scott sued Lowndes County and the City of Valdosta for false arrest and false imprisonment. The complaint makes no mention of satisfying the requirements for a waiver of sovereign immunity and it does not allege that any ante litem notices were provided. Moreover, it is a complaint only against Lowndes County and the City of Valdosta; no individual defendants were sued in any capacity.

Lowndes County answered the complaint denying liability and asserting the defense of sovereign immunity. Later, the County moved to dismiss the complaint because the action was barred by the County's sovereign immunity, and the City moved for summary judgment on the same ground. As mentioned earlier, the trial court granted both motions without explanation.

1. Scott argues on appeal that the trial court erred in granting the County's motion to dismiss and the City's motion for summary judgment, arguing several grounds. Because this appeal arises from a tort action against two governmental entities, the first consideration must be whether these actions are barred by sovereign immunity. Our Georgia Constitution provides that

> [e]xcept as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

Art. I, Sec. II, Par. IX, Ga. Const. (1983).

In *Gilbert v. Richardson*, 264 Ga. 744, 746-751 (2)-(4) (452 SE2d 476) (1994), our Supreme Court held that counties are protected by sovereign immunity unless that immunity was waived by the General Assembly and that the legislation permitting counties to procure insurance was a waiver of sovereign immunity up to the limits of liability insurance procured by the county in accordance with the authorizing legislation. Furthermore, OCGA § 36-1-4 provides that a "county is not liable to suit for any cause of action unless made so by statute." *Butler v. Dawson County*, 238 Ga. App. 808, 809-810 (518 SE2d 430) (1999).

The General Assembly provided that cities and counties may waive their sovereign immunity by obtaining liability insurance for damages "arising by reason of ownership, maintenance, operation, or

use of any motor vehicle." OCGA § 33-24-51 (a), (b). The insurance waiver of OCGA § 33-24-51 is tied to OCGA § 36-92-2, which sets limits for the amount of the insurance coverage and consequent waiver, and notes again that the waiver applies only to losses arising out of the negligent use of a covered motor vehicle.

Sovereign immunity is not an affirmative defense that the governmental defendants must establish. Instead, it is a privilege, subject to waiver by the State, and which the party seeking to benefit from the waiver must show. Thus, Scott, not the City or the County, had the burden of proof on this issue. *Ga. Dept. of Human Resources v. Poss*, 263 Ga. 347, 348 (1) (434 SE2d 488) (1993). Further, because he is claiming that sovereign immunity was waived by the purchase of insurance, Scott had the burden of establishing that insurance protection covering his claims had been procured and the limits of the insurance coverage available, because the waiver only extends to that amount. *Woodard v. Laurens County*, 265 Ga. 404, 406 (1) (456 SE2d 581) (1995). We must resolve the immunity issue before we consider causation and negligence. *Cameron v. Lang*, 274 Ga. 122, 124 (1) (549 SE2d 341) (2001).

2. Scott alleges that Lowndes County's sovereign immunity was waived under OCGA § 33-24-51 by the purchase of automobile liability insurance for the deputy's car. He has not established, however, that any such policy exists, and the county asserts that there is none. The decision whether to provide insurance is discretionary, OCGA § 33-24-51; *Brantley v. Edwards*, 197 Ga. App. 713, 714 (2) (399 SE2d 215) (1990), and our law does not allow a plaintiff merely to assume that insurance coverage exists. Accordingly, under our facts, Scott has not established that the County's sovereign immunity is waived. Id. at 713 (1).

Additionally, even if Scott had shown that the County had procured insurance in accordance with OCGA § 33-24-51, he has not shown that his damages arose "by reason of ownership, maintenance, operation, or use of any motor vehicle" of Lowndes County. OCGA § 36-92-2 (b) only grants a waiver of sovereign immunity "for a loss arising out of claims for *the negligent use of a covered motor vehicle . . .* to the extent and in the manner provided in this chapter. . . ." (Emphasis supplied.) Therefore to establish a waiver of sovereign immunity, Scott is required to prove not only the existence and extent of insurance coverage but also that the negligent use of the county vehicle was both the cause in fact and the proximate cause of his injury. *Rampell v. Williams*, 217 Ga. App. 292, 293-294 (2) (457 SE2d 224) (1995). Scott alleges that his claim arose from the use of the County's motor vehicle because if the deputy had not stopped him and had not thereafter issued the be on the lookout call for him, none of the other events in the case would have taken place.

First, as Scott has not even suggested that the initial stop by the deputy was negligent, improper, or unauthorized, it cannot provide a basis for Scott's damages. Secondly, Scott has not shown that anything the deputy did during or after the stop was incorrect, negligent, or wrong. The deputy apparently checked to see if any outstanding warrants existed for the person he had stopped, then issued the be on the lookout call for a driver by the name of Lindsey E. Scott in a car that he had just stopped.

Under these circumstances, the deputy's actions while in the car are too remote to implicate any policy of the insurance on the County's car. See *Saylor v. Troup County*, 225 Ga. App. 489, 490 (484 SE2d 298) (1997) (injury that occurred when plaintiff fell on swing blade attached to county van did not "flow from" use of the van). Therefore, the trial court did not err by granting the County's motion to dismiss the claim against it because of its sovereign immunity.

3. The trial court also did not err by granting summary judgment to the City of Valdosta. To successfully prosecute his claim against the City, Scott was required to establish that the City's sovereign immunity had been waived. See OCGA § 36-33-1, which establishes that the sovereign immunity of municipal corporations is not waived "by the purchase of liability insurance unless the policy of insurance issued covers an occurrence for which the defense of sovereign immunity is available, and then only to the extent of the limits of such insurance policy." (Punctuation omitted.) *City of Lawrenceville v. Macko*, 211 Ga. App. 312, 313-314 (1) (439 SE2d 95) (1993). The City also has the discretion to decide whether to purchase liability insurance. *Williams v. Solomon*, 242 Ga. App. 807, 810 (4) (531 SE2d 734) (2000).

A policy of insurance covering the City has not been proven, and a determination of a waiver of immunity cannot be established if an insurance policy has not been furnished. *City of Lawrenceville v. Macko*, supra, 211 Ga. App. at 314 (1). Further, contrary to Scott's argument, the City's counsel's comments during argument cannot waive the defense of sovereign immunity in the absence of express statutory or constitutional authorization, *Collins v. Byrd*, 204 Ga. App. 893, 895 (3) (420 SE2d 785) (1992), even if we were to construe them as an admission that a policy existed, which we do not. The City's counsel at the hearing on its motion for summary judgment merely stated his opinion that the City's sovereign immunity was not as broad as the County's and that the City's authority to purchase insurance and thereby waive its sovereign immunity under the Code was broader in that it was not limited to vehicles.

Additionally, without a waiver of sovereign immunity, the City cannot be held liable for the actions of the arresting officer because no evidence shows that the officer was not "engaged in the discharge of

the duties imposed on [him] by law." OCGA § 36-33-3. Contrary to the City's argument, however, OCGA § 36-33-3 would not protect it against Scott's claims had Scott established that insurance had been purchased. *Ekarika v. City of East Point*, 204 Ga. App. 731, 733 (420 SE2d 391) (1992).

Therefore, in the absence of any evidence as to the existence and extent of liability insurance, the trial court did not err by granting judgment to the City. *Reese v. City of Atlanta*, 261 Ga. App. 761, 762 (583 SE2d 584) (2003).

4. Because the City did not waive its sovereign immunity, we need not reach the issues of whether Scott gave proper ante litem notice to the City as required by OCGA § 36-33-5, or whether material issues of fact remain on whether the officers were negligent in attempting to ascertain Scott's identity.

Accordingly, even though we cannot approve of the way Scott was treated and, in particular, the cavalier manner in which the identity of the person sought by the arrest warrant was not verified at the county jail, our law requires that the trial court's judgments in favor of Lowndes County and the City of Valdosta be affirmed.

*Judgment affirmed. Bernes, J., concurs. Andrews, P. J., concurs in judgment only.*

DECIDED JULY 13, 2006.

*Gregory, Christy, Maniklal & Dennis, Preyesh K. Maniklal, Saleem D. Dennis, Richard A. Wilkes*, for appellant.

*Elliott, Blackburn, Barnes & Gooding, James L. Elliott, Coleman, Talley, Newbern, Kurrie, Preston & Holland, George T. Talley, Timothy M. Tanner*, for appellees.